Gaston, Judge,
 

 after stating
 
 the
 
 case as above, proceeded. — The acts of 1787 and 1801,
 
 [Rev. ch.
 
 274 and 588,) requires that the commissioners shall apportion the lands into as equal shares as possible, by a subdivison, if necessary, of the more valuable tract or tracts; and au-thorise an unequal partition of the lands, and correcting the inequality by charges of money on the more valuable dividends, only, where an equal division of the lands cannot be made without injury to the heirs. These requirements are to be strictly observed by the commissioners, and . very departure from them ought to be corrected wherever it is perceived. A disregard of .them, compels some of the parties to become sellers, and others purchasers, without their consent, and, especially in the cases of
 
 femes covert
 
 and infants,
 
 may
 
 be productive of very injurious results. The inequality in the value of the different tracts in this case, is very striking. The average value of a share is nine hundred and fifty-two dollars and twenty-five
 
 *259
 
 cents, and to one of the parties is allotted land of almost doable this average value, and to another, land less than half this value; nor are any special circumstances stated, which rendered it impracticable to make a more equal division without injury to the heirs. Nevertheless it appears to us, that so much respect is due to the report of the commissioners, selected for, and sworn to, the performance of this special duty, as to warrant the presumption that their doings have been correct, where the contrary does not appear upon the face of their return, or is shown by extrinsic proofs. It may be, that a more equal division of the lands could not have been made without injury to the parties; and therefore the partition cannot be pronounced wrong upon its face. No extrinsic .proofs were offered to contradict the presumption of correctness. This Court therefore, cannot say, that the Superior Court erred in overruling the only objection made to the report, and in confirming the same.
 

 We have had some doubt whether the judgment below is to be regarded as a final one or not. From the great indulgence which has been shown in this state to informal' entries, possibly this might be supported as such. We do not, however, consider ourselves bound to treat it as a final judgment, and we think, had a final judgment been designed, the return and appropriation would have been directed tobe recorded, (or enrolled,) and a disposition made of the costs of the appeal. Viewing the judgment as interlocutory only, from which an appeal has been permitted under the act of 1831, c. 34, we shall direct this opinion to be certified to the Superior Court of Cabarrus; and there is to be a judgment here against the appellant for the costs of this appeal.
 

 Pee Curiam. Judgment accordingly.