JAMES WOOD, Adm'r. *v.* F. G. PARKER, and others.

Although a Court will set aside a sale made under its order, upon its being reported, or otherwise appearing, that the highest bid is inadequate; yet it is not according to the practice in such cases, *to accept a higher bid* tendered by another party since the sale.

The proper order is, to re-open the biddings.

MOTION to set aside a sale, reported as having been made under an order of this Court at June Term 1868.

No statement of facts is necessary.

*Wooten*, for the plaintiff.

*Strong, contra.*

*Bragg*, for the purchaser.

SETTLE, J.   In pursuance of a decretal order made in this cause, at the last Term, the Commissioner reports that after due notice, he sold at public auction the " Goodman " tract of land mentioned in the decree, to one Jesse Jackson, for the sum of eight hundred and twenty-five dollars.

He reports that he does not believe that the land sold for its full value, and he further reports an offer from one William W. N. Hunter, to take the said Goodman tract of land, at the sum of eleven hundred dollars, and to pay the amount of cash

decreed to be paid, and give bonds with approved security for the remainder of the purchase money.

This Court certainly has the power to set aside a sale made in pursuance of its authority, either for the relief of the owner of the property if the price bid be inadequate, or for the relief of the purchaser if from mistake or fraud he has bid too much for the property. In the exercise of its large discretion, it will administer justice and equity to all persons interested. Sales of this character are only conditional, they are not complete until they have been reported to and confirmed by the Court.

We need not cite authority for the general principles above stated; they are frequently called into practice, and this appears to be a proper case for their application; for the Commissioner reports that the price bid is inadequate, and his report is supported by the proposition of Hunter. But this Court is asked to accept the bid of Hunter and decree a sale to him at his advanced price.

We can find no case either in our own or in the English books, where a Court has exercised such authority. The practice has been to re-open the biddings, upon such terms as appeared to be proper under all the circumstances, and we do not feel disposed to depart from well established rules.

The first purchaser cannot complain of this, for he bid with the understanding that the whole matter was under the control of the Court, and that the sale might be set aside, if in the exercise of its discretion the Court thought proper to do so.

We are of the opinion that the biddings should be re-opened upon the terms set forth in the former decree.

PER CURIAM.　　　　　　　　　　Order accordingly.