*GRIFFIN PRITCHARD v. JOHN O. ASKEW.

*Practice—Judicial Sale—Re-sale of Land.*

On a motion by plaintiff to set aside a sale of land, sold under decree of this court, where it appeared that the sale was advertised for January 4th, and afterwards changed to the 6th, and that plaintiff (the owner of the land and against whom the decree of sale was made) had arranged with one H to attend and buy the land and allow him to have it on re-imbursing him, and that both H and plaintiff had been pre-

---

*Smith, C. J., having been of counsel, did not sit on the hearing of this case.

PRITCHARD *v.* ASKEW.

vented from attending the sale on account of the inclemency of the weather, and it also appeared that plaintiff had advanced the bid at which the land was sold ten per cent. and secured the payment of the same; *It was held*, that the sale should be set aside, the proceedings thereunder cancelled, and a re-sale had, opening the biddings at the advanced bid of plaintiff.

(*Wood* v. *Parker*, 63 N. C., 379; *Ex parte Bost*, 3 Jones Eq., 482; *Ashbee* v. *Cowell*, Busb. Eq., 158, ci. ed and approved.)

MOTION by plaintiff to open biddings and resell land, heard at January Term, 1879, of THE SUPREME COURT.

*Mr. J. B. Batchelor,* for plaintiff.
*Messrs. Gilliam & Gatling*, for defendant.

DILLARD, J.   At the June term, 1878, of this court, it was decreed that $2,573.84, with interest from the 3rd day of June, 1878, on $2,000 part thereof, was due and owing by plaintiff to the defendant John O. Askew, executor of Wm. J. Perry, for a balance of purchase money for the tract of land in the bill mentioned, and it was adjudged in said decree that the said land be sold at public auction for cash on the 1st of November next thereafter at Winton, by Wm. H. Bagley, appointed a commissioner for that purpose, after advertising the time and place of sale according to law, unless on or before said day the plaintiff or some one for him should pay to the commissioner, or to John O. Askew, the principal and interest aforesaid, together with the costs of the action, and said commissioner was directed to report to the present term of this court.

In pursuance of said decretal order, the commissioner reports that he exposed the said land to sale at public auction as commanded, on the 6th of January, 1879, when Wm. P. Shaw and J. O. Askew, administrators of said John O. Askew, became the purchasers at the price of $2,815, for which sum they deposited with him their release for the

sum of $2,573.84 in full of amount adjudged against the plaintiff for purchase money, and paid to him in cash the sum of $170.16, making the amount of their bid, to-wit: $2,815, and said commissioner recommends a confirmation of the sale.·

At this term of the court the plaintiff moves to be allowed to put in an advance bid of ten per cent. upon the price at which the purchasers bought the land, and offers to secure the same with his bond and approved security, and in case the biddings are opened by this court, he agrees at the resale to start the biddings at the advance now offered, and at the same time, the said purchasers oppose the motion to open the biddings and move on their part for a confirmation of the sale which has been had.

The parties support their respective motions by affidavits, and it now becomes our duty to consider the matter submitted to our decision, and thereon to decide, as we may be authorized in view of justice to the parties interested, and in accordance with the rules observed in our courts in the case of judicial sales.

In sales of the character of the one under consideration, the bidder is never considered a purchaser until the sale is reported and confirmed. He is to be taken as becoming the best bidder, subject to the understanding in all cases that the court may confirm the sale or set it aside and order a resale, as in the exercise of a sound discretion it may determine to be right and proper. *Wood* v. *Parker*, 63 N. C., 379; *Ex parte Bost*, 3 Jones Eq., 482; *Ashbee* v. *Cowell*, Busb. Eq., 158.

The court has the power to set aside sales made in pursuance of its authority, either for the owner, or at the instance of the purchaser, but as a matter of policy it is slow to do so and is careful not to open the biddings unless there be some special circumstances, such as unfairness in the conduct of the sale, want of proper notice of the time and

place of sale, fraud in the purchaser, and palpable inadequacy of price, and similar grounds. Rorer on Judicial Sales, ch. 10, § 394 to 441.

In this case it appears that the sale was advertised for the 4th of January, and afterwards changed to the 6th, and that plaintiff had arranged with Mr. Hinton to attend and buy the land, and allow him to have it on reimbursing him, but the inclemency of the weather was very great, and so much ice in the roads and streams as to prevent the attendance of said Hinton and disable the plaintiff to reach the place of sale although he endeavored to do so. From the facts and circumstances we think it may fairly be presumed that the sale came off without a fair attendance of bidders, and certainly without the presence of Hinton in person, or the plaintiff as his agent, who was prepared to give, and is yet willing to give ten per cent. advance, and perhaps more, on the bid of the purchasers that day, and hath secured the payment in case a resale is ordered.

We recognize it as good policy in the courts to maintain judicial sales, and to that end, not to open the biddings unless for some cause palpably sufficient; but in this case, the purchaser ought to be content to get the debt he represents and to allow the plaintiff the benefit of any excess the land may bring at another sale more favorable to a better competition of bidders. Justice should not be sacrificed to policy.

There is no intimation of anything unfair at the sale by the purchaser or any other person, but the plaintiff had the purpose to be present with a friend, and to buy in the property at a sum in excess of that at which the property was struck off. And he attempted to be present and failed without default imputable to him, and it being reasonably to be inferred from the extreme severety of the weather that others were thereby hindered from attending the sale, it is ordered that the sale reported to this term be set aside, and the release of the judgment executed by the purchaser and

the money paid in by him be returned, and that the clerk do resell the land on the terms prescribed in the original decree, opening the biddings at the advance bid of the plaintiff, and that he report to the next term of this court.

PER CURIAM.                                    Resale ordered.