A. L. SIMMONS and wife *v.* HENRY C. FOSCUE.

*Supreme Court—Practice—Issues of Fact—Partition of Land—Report of Commissioners.*

1. Where the evidence, (instead of the deductions of facts therefrom), taken in the court below upon exceptions to the report of commissioners appointed to make partition of land, is sent up to this court with the record upon appeal; *Held*, that the case is not within the constitutional amendment, Art. IV. § 8 restoring to the supreme court the same jurisdiction over "issues of fact" and "questions of fact" as exercised by it prior to 1868.

2. But in such case, where the evidence does not conflict in any material point, this court will assume it to contain the admitted facts on which the rulings of the court below were based.

3. In such case, where it does not appear that the commissioners overlooked any material considerations in making partition of the land, their report should be confirmed.

4. Where two of three commissioners appointed to make partition of land met on the premises and in the presence of both parties to the

SIMMONS *v.* FOSCUE.

action proceeded to fill the vacancy occasioned by the absence of the third commissioner, neither party making objection thereto ; *Held,* that it is too late to except on that account, after the commissioners have partitioned the land and filed their report ; in such case the assent of both parties will be presumed.

4. On the hearing of exceptions to the report of commissioners in a proceeding to partition land, it is competent for the court to have evidence impeaching the fairness of the partition, and to set the same aside if the evidence is sufficient. And the action of the court in such case is not reviewable if no error in law is committed.

(*Pope* v. *Whitehead,* 68 N. C., 191 ; *Collett* v. *Henderson,* 80 N. C., 337 ; *Nicclar* v. *Barbrick,* 1 Dev. and Bat , 257, cited and approved.)

PETITION for Partition of Land commenced in the probate court and heard on appeal at Spring Term, 1879, of JONES Superior Court, before *Seymour, J.*

The facts are stated in the opinion. The report of the commissioners was set aside by the probate court, and this ruling was affirmed by His Honor, and the plaintiff's appealed.

*Messrs. Faircloth & Simmons,* for plaintiffs.
*Messrs. A. G. Hubbard* and *W. H. Bailey,* for defendant.

SMITH, C. J. The plaintiffs filed their petition in the probate court for the partition of land held by them and the defendant as tenants in common, whereof they were entitled to one-fourth part, and the defendant to the residue. A decree for partition was made, and three commissioners appointed to divide the land, one of whom withdrew, and another person substituted in his place by the remaining commissioners without objection from either party, co operated in executing the order. In their report the share allotted to the defendant is charged with the payment of $1,030, to the share of the plaintiffs for equality of partition, and the whole property is valued at eight thousand

dollars.   The defendant accepted to the report, assigning as causes therefor the following:

1. For that the commissioners should have allotted to the plaintiffs one-fourth of the land in value, and not have ordered the payment of any money by the defendant, and that the land was susceptible of such division.

2. That they have overlooked the brick house.

3. That they have undervalued the widow's dower.

4. That nothing was allowed the defendant for his improvements.

5. That the commissioners making the report are not those appointed by the court, and that the plaintiff, A. L. Simmons, undertook to excuse one of them from serving, and called on one Joseph Banks to act in his place, who unites with the other appointees in making the partition and report.

Upon argument the probate judge set aside the report, and ordered another commission, and the plaintiffs appealed to the superior court.   Affidavits were read at both hearings.   In the latter court the first four exceptions were overruled and the last sustained.

The evidence, instead of the deduction of fact therefrom, is sent up with the record, and upon this we are required to determine the sufficiency of the exceptions, and the ruling of the court thereon.   Ordinarily, we should feel constrained to return the cause for the findings of fact, or affirm the judgment because no error is apparent.   The case is not within the recent constitutional amendment which restores to this court the same jurisdiction over issues of fact and questions of fact which the former supreme court possessed, since proceedings for partition, although cognizable also in the court of equity, were usually brought in the county or superior court of law, and, on appeals from the latter, questions of law alone could be considered and determined. Rev. Code, ch. 33, § 6.   The present appeal must be assigned

to this class of cases, or else the jurisdiction might be extended beyond its proper limits.

But as the statements made in the affidavits do not conflict except perhaps in estimates, and involve no question of credibility, we may assume them to contain the admitted facts on which the rulings of the court below were based, and we are asked to correct the alleged errors. Taking the statements as true and in a sense most favorable to the defendant, his overruled exceptions find no support whatever in the evidence, and he has no just ground of complaint. It does not appear therefrom that a more fair and equitable division can be made, or that the brick house was overlooked, or that the dower encumbrance was under-estimated; or that any injury results to the defendant by the omission of the commissioners to consider the improvements put on the land. If in the division and allotment of shares, that part which either party may have improved by the erection and repair of buildings, a judicious system of tillage or otherwise has been assigned to him, as whenever practicable should be done, the valuation of the land should be without regard to such improvements—as if more had been made—and thus each would get the benefit of his outlay upon the common property. *Pope* v. *Whitehead,* 68 N. C., 191; *Collett* v. *Henderson,* 80 N. C., 337.

As to the amount of expenditures of the tenants and the enhanced value of the land by reason thereof, the evidence shows no damage to have accrued to the defendant from the failure of the commissioners to estimate them since, while the plaintiffs own but an undivided fourth, their expenditures upon the land and the increased value thereof are in excess of those of the defendant.

In sustaining the 5th exception, the judge says: "I find from the affidavits that the defendant never assented to the substitution of a commissioner for one of those appointed." This is a finding of law to support which the evidence is relied

on, and which makes it necessary to examine and see what the facts are. The defendant in his own testimony admits that he knew that the plaintiff had excused one of the commissioners and had substituted another in his stead ; that he made no objection to this action of the plaintiffs, and was present when the commissioners were engaged in making the partition. The plaintiff, A. L. Simmons, gave similar testimony, adding that the defendant made statements before them " as to the value of the property."

E. M. Scott, one of the commissioners, in his affidavit says, that when himself and the other commissioner, Hargett, " met on the premises, the third commissioner, Hudson, was absent, and that both parties, A. L. Simmons and H. C. Foscue, being present, they called in Banks, neither party raising any objection."

We think these unexplained facts do show an assent on the part of the defendant to the substitution of a new for the retiring commissioner, and that it is too late, after such acquiescence on finding their action unfavorable, to make the objection. It should have been made, if at all, in apt time, and before the result was known. Aside from this, it is expressly provided by law that the report shall be sufficient when signed by two of their number, and it is not suggested that any undue or improper influence was exerted over them by their new associate, whose co-operation was not at all needed for the validity of their act. Bat. Rev., ch. 84, § 5; *Ibid.*, ch. 108, § 2. Indeed, the attending circumstances when he was called in, and the presence of both parties when the decision was made, repel any such inference. We suppose that the commissioners and the parties were under the impression that three must concur, and hence the third person was asked to come in and act.

We may remark in this connection that while there is nothing upon the face of the report to warrant its being set aside for apparent inequality or unfairness, in opposition to

the contrary presumption arising from its being the act of sworn officers as was declared in *Nicelar* v. *Barbrick,* 1 Dev. & Bat., 257, it was entirely competent to hear evidence impeaching the fairness of the partition, and if satisfied of its sufficiency, the court could have set it aside and ordered a new commissioner. But of the force and effect of the evidence in inducing the exercise of that reasonable discretion reposed, by law, in the judge when called on to confirm the action of the commissioners, he alone must determine, and if no error in law is committed, we cannot reverse his decision.

There is error in the record and the judgment is reversed and the report must be confirmed. This will be certified to the end that further proceedings in the cause be had in the superior court of Jones according to law.

Error.                                    Reversed.

NOTE.—In a case between the same parties at this term :

SMITH, C. J. For the reasons given in the opinion filed in the plaintiff's appeal, it must be declared that there is no error in overruling the defendant's first four exceptions, and the judgment therein is affirmed.