CALEB WHITE and others, to the court.

*Partition of Land— Confirmation—Resale—Equity.*

1. Confirmation of a sale of land for partition ought regularly to be made after notice to parties interested to file exceptions, as prescribed in Bat. Rev., ch. 84 § 5, unless they be present at the confirmation of the report of sale, when notice may be considered as waived.

2. After confirmation had, a resale may be ordered for sufficient cause

shown ; but should be upon petition or notice to the purchaser who has acquired equitable rights under the first confirmation.

(*Ex parte Bost*, 3 Jones Eq., 482 ; *Wood* v. *Parker*, 63 N. C., 379 ; *Pritchard* v. *Askew*, 80 N. C., 86 ; *Ex parte Yates*, 6 Jones Eq., 306 ; *Ashbee* v. *Cowell*, Busb. Eq , 158 ; *Blue* v. *Blue*, 79 N. C., 69, cited and approved.)

PETITION to open biddings for sale of land heard on appeal at Fall Term, 1879, of PERQUIMANS Superior Court, before *Gudger, J.*

On the death of Henrietta Winslow her lands were sold by decree of the probate court for partition among the heirs-at-law by Caleb White, appointed a commissioner for that purpose. The sale was ordered to be made at the court house door, on the terms of one-half the purchase money to be paid in cash, and the other half at twelve months, and the sale was made as directed on the second day of December, and W. H. Perry was ascertained as the proposed purchaser. The commissioner reported the sale immediately, setting forth the price fair, and a compliance with the terms of sale by the purchaser, and he recommended to the court its confirmation, and accordingly an order of confirmation was entered on the same day.

Within twenty days after the confirmation of the sale, the commissioner made another report, wherein he represented that Perry, the purchaser, on the day of the sale did not in fact make the cash payment required in the decree of the court, but gave his due bill therefor, and had not paid the same. He also reported that one Harrell had offered and secured a ten per cent. advance on the sum at which the lands were knocked off to Perry, and in the petition he prayed an order to open the biddings, which was granted on the same day, and without notice to Perry, the former purchaser.

The commissioner made the second sale, and at that sale Harrell became the highest bidder at the advance of ten per

cent , and complied with the terms of sale by making the cash payment, securing the balance. by his bond. The commissioner reported the sale on the same day, and Perry then came into court and showed for cause against the confirmation, that he had required rights by the acceptance of himself as purchaser by the court at the first confirmation, and that said order was in full force and not reversed.

The probate court held the cause shown in opposition to the confirmation of the sale to Harrell as insufficient, and thereupon entered a confirmation of the sale, from which Perry appealed to the superior court, and in the superior court the order for confirmation was reversed, and from that ruling of the superior court, the petitioners and Harrell appeal to this court.

*Mr. J. W. Albertson*, for petitioners.
*Mr. W. A. Moore, contra.*

DILLARD, J., after stating the case. A purchaser at a sale under a decree of court is an ascertained proposer, and forthwith acquires no other right, on compliance with the terms on his part, than to be accepted as such by the commissioner. And this right is subject to the power of the court to accept or reject the offer. While the proposed bargain is thus incomplete, the practice and law in this state are that the court may refuse to accept the bid, and order another sale for the reason of a ten per cent. advance, offered and secured, above the sum at which the land was knocked off to the former bidder, or for fraud, inadequate price or for any other cause deemed sufficient by the court ; and the purchaser will have no legal ground of complaint at the rejection of his offer any more than a proposing party at a private sale would have to complain that the owner of the land was not willing to sell to him at the price offered. *Ex*

*parte Bost,* 3 Jones Eq., 482, and cases cited, and *Wood* v. *Parker,* 63 N. C., 379 ; *Pritchard* v. *Askew,* 80 N. C., 86.

But on the confirmation of the sale, the bidder is promoted to be purchaser, and has then the right to hold the parties selling through the decree of the court as bound to performance of the contract, while he is himself bound to pay the money and take the title. These are rights which neither party can destroy at his will. Cases *supra* and *Ex parte Yates,* 6 Jones Eq., 306. The court undoubtedly may, after confirmation, set aside an order confirming the sale, and order a new sale, for causes legally sufficient; but then the power must be exercised always with a due regard to any rights which have arisen, and consistently with the settled principles and rules of procedure applying in such cases.

In the case of an application to have a resale, the orderly proceeding is to set aside the order confirming the sale which has been already made; otherwise, the power of the court has been once exercised, and the second sale will not displace the first purchaser, and in doing this, the rule is, to present the grounds on which the application is based by petition or notice, on which the purchaser under the existing confirmation may be heard in vindication of his own title. *Ashbee* v. *Cowell,* Busb. Eq., 158.

Now apply these principles to our case, and let us see what is the result. Perry bid off the land at the first sale, and he gave his due bill for the cash payment, which the commissioner accepted as cash, and executed his bond for the deferred payment. Thereupon, on the report filed, the sale was confirmed by an order in the cause. So long as that order stands in force and not set aside, he had an equitable right to pay the purchase money and have the title, and no subsequent sale to Harrell under a mere order of sale without notice to him would affect his right, or operate a vacation of the order of confirmation on which he rests.

But it is urged, in support of the right of Harrell, that the previous sale to Perry was confirmed on the day of the sale, and was therefore voidable, if not void, for being done without notice. The answer to that objection is, that the design of the statute requiring notice to be given before confirmation is to give the parties a day in court to except to the report, and thereby to conclude them; but if they be all present at the time the report is filed and confirmed and make no exception to it, they ought to be held as much bound as if they were brought in by service of a formal notice. Here, it appears from the judge's statement, that all the parties were present at the confirmation, the adults in person, and the infants by their *prochein ami*, and knew the result of the sale which had just occurred at the court house door in their presence, and they ought to be held concluded from objecting a want of notice. But even if the judge of probate was mistaken in supposing such presence of the parties dispensed with notice and authorized an immediate confirmation, still the order of confirmation was erroneous, or at most, only irregular, as held in *Blue* v. *Blue*, 79 N. C., 69, and so long as it remained in force, it protected the claim of Perry.

We conclude therefore that the order of resale by the probate judge without a day in court to Perry to contest the sufficiency of the grounds on which it was asked, was unavailing to deprive him of his equitable right under the first sale, and that His Honor was correct in reversing the confirmation of the sale to Harrell in the probate court.

It does not necessarily follow from the insufficiency of the order of sale under which Harrell purchased, that therefore the order of confirmation on which Perry rests his claim may not be vacated and a resale ordered; but it is to be understood, that that can only be done on sufficient cause, and on a rule or notice to Perry to contest the sufficiency of the cause on which it is asked.

There is no error in the judgment of the superior court, and this will be certified, with directions to remand the cause to the probate court, with directions to that court to receive the purchase money of Perry and have title executed to him, unless the petitioners shall be able to procure a vacation of the order of confirmation under which Perry claims, and a new sale, on grounds legally sufficient therefor, with a day in court to Perry to contest the application.

No error.                              Judgment accordingly.