Reese *v.* Copeland.

ELIZABETH ·A. REESE and CHARLES H. REESE *v.* A. P. COPELAND, Adm'r, *et al.*

PLEADINGS AND PRACTICE.   *Sale of land.   Opening biddings.*   In a suit commenced in the county court for the sale of land to pay debts and for division among heirs, a sale was eventually made, in the proceeds of which the heirs were alone interested, it was held that the biddings were properly opened, over the objection of the purchaser, upon an advance of nearly one hundred per cent., and the terms of sale changed.

FROM LINCOLN.

Appeal in error from the County Court of Lincoln county.   N. P. CARTER, Chairman.

HOLMAN & HOLMAN for heirs.

LAMB & TILLMAN for purchaser.

COOPER, J., delivered the opinion of the court.

Two of the children of Hiram Reese, deceased, one of whom was a creditor of his father, filed this bill in the county court against the other children of the deceased, and A. P. Copeland, the administrator of his estate, to have the lands descended sold for the payment of debts, and for division among the heirs. Such proceedings were had that the lands were ordered to be sold, and were sold in two separate tracts, upon the terms of five per cent. in cash, and the residue

of the purchase money secured by two notes in equal instalments at one and two years. E. S. Allen, the purchaser of one of these tracts, failed to pay his notes, and judgments were taken thereon against him and his sureties, upon which executions issued and were returned *nulla bona.* At the January term, 1879, of the court, a decree was rendered, reciting the facts, ascertaining the purchase money then due from Allen to be $1,518.75, and ordering the land bought by Allen to be resold for cash in satisfaction thereof, at public vendue. Under this decree, on February 15, 1879, the land was sold, and bid off by J. D. Tillman, at the price of $513.40. On March 3, 1879, seven of the twelve heirs of the intestate joined in a petition to the county judge, stating the sale, that the amount bid was below the value of the land, and that if the land was sold on a credit of one, two and three years, it would bring at least $1,000, and offering, on behalf of one of the petitioners, to open the biddings, upon such a change in the terms of sale, at $938. They accompany the petition with the three notes of the petitioners, executed with security, in conformity with his proposition. At the March term, 1879, of the court, the cause was heard upon the report of sale and the petition, and the court, on consideration thereof, set aside the sale, and ordered the land to be again put up at public vendue, on a credit of one, two and three years, starting the bid at the petitioner's offer of $938. From this decree the purchaser, Tillman, prayed and obtained an appeal to this court.

Under the practice of the court of chancery in England, until changed by statute, the court considered itself as having a greater power over a contract for the sale and purchase of land made with itself than when made with any other: *Savile* v. *Savile,* 1 P. W., 747. The aim of the court was to obtain as great a price as possible for the estate, and, for this purpose, it was in the habit of opening the biddings after the land had been sold, upon the offer of a larger price: 2 Dan. Ch. Pr., 1285; *Barlow* v. *Osborne,* 6 H. L. C., 556. In this State, that practice is still followed. The sale of land under a decree of court is not complete until confirmation: *Word* v. *Morgan,* 4 Hum., 372; *Eakin* v. *Herbert,* 4 Cold., 116. The biddings will be opened upon a mere advance of ten per cent.: *Click* v. *Burris,* 6 Heis., 539; *Wilson* v. *Shields,* 3 Baxt., 65. The advance being properly secured: *Childress* v. *Harrison,* 1 Baxt., 415. The practice is peculiarly applicable to partition suits in which the court acts as the judicial agent of the parties: *Glenn* v. *Glenn,* 7 Heis., 367.

The application in the present case required a change in the terms of sale as fixed by the previous decree. The advance offered, being nearly one hundred per cent. of the bid, was ample to authorize the opening of the biddings. The only difficulty grows out of the proposed change in the terms of sale. An application to open the biddings upon an advance, coupled with a condition which cannot be complied with, ought not to be entertained: *Lucas* v. *Moore,* 2 Lea, 1. A decree of sale in an ordinary litigation between par-

ties having adverse interests, and upon an adjudication of their rights, is, after the adjournment of the term, final, and cannot, perhaps, be interfered with even in the terms of sale without the consent of the adverse litigants: *Meek* v. *Mathis,* 1 Heis., 534; *Gibbs* v. *Patten,* 2 Lea, 180. A creditor whose rights have been adjudged, and for whose benefit a sale is ordered, is probably entitled to the benefit of the decree as made, for, otherwise, the payment · of his debt might be postponed indefinitely.

The present suit was instituted for the purpose of selling property to pay debts, and for division. The record shows that the other lands of the estate have sold for more than enough to pay the debts, the proceeds of sale being part due, and probably paid. There is, at any rate, no creditor objecting to the decree which has been appealed from. It is a contest exclusively between the heirs of the estate and the purchaser. The heirs themselves might, of course, change the terms of sale at any time. And the question is, whether a purchaser, by the mere fact of being the highest bidder at a judicial sale, acquires a right to insist upon a resale upon the terms of the original sale. He does, by his bid, become so far a party as to entitle him to appeal from any decree affecting his rights: *Sharp* v. *Hass,* 1 Tenn. Leg. Rep., 23; *Barlow* v. *Osborne,* 6 H. L. C., 556; *Delaplaine* v. *Lawrence,* 10 Paige, 602; *Blossom* v. *Milwaukee R. Co,* 1 Wall., 655. But what are his rights?

The substance of our decisions is, that his bid is a mere offer, which is of no avail until accepted by

a confirmation of the sale. It follows necessarily, that if the parties litigant agree that the sale should not be confirmed, the purchaser can never acquire any right to the land, provided he be discharged from all liability, with his proper costs and expenses paid. Accordingly it has been in England, under the old practice, which we follow in this State, that when lands have been sold before the master in separate lots and bought by different purchasers, the sale will be opened, over the objection of the purchasers, upon the application of all the parties in interest, and the lands resold in one lot, the advance being considerable: *Watts* v. *Martin*, 4 Bro. C. C., 113; *Brookfield* v. *Bradley*, 1 S. & S., 23. The decisions were put upon the ground that all that the purchaser could claim was to be satisfied for the expenses sustained. The present case falls within the principle of these decisions.

The decree of the court below will be affirmed, upon condition that the money paid in by the appellant be repaid to him with interest, and any expense incurred in and about the purchase, not including counsel fees. The appellants will pay the costs of this court.