PIERRE DUPUY *v.* JOHN GORMAN *et al.*

CHANCERY PLEADINGS AND PRACTICE. *Sale of land. Opening bidding.* Where land has been sold by the clerk and master under a decree of the chancery court, and before confirmation the bid is raised, it is in the discretion of the chancellor to open the biddings and let them remain open in the master's office, and receive such bids as may be offered, instead of again selling after giving public notice. The discretion must be exercised as in other cases of judicial discretion subject to correction in case of abuse or gross error.

### FROM SHELBY.

Appeal from the Chancery Court at Memphis. R. J. MORGAN, Ch.

H. C. KING for complainant.

J. E. BIGELOW for defendants.

FREEMAN, J., delivered the opinion of the court.

In this case the only question presented for adjudication is thus stated substantially in the petition for writs of error and *supersedeas,* presented to one of the judges of this court, who granted the *fiat* under which the case is now before us.

The property of petitioner, James Nolan, had been decreed to be sold by the chancery court in this case, by the clerk and master. At that sale, H. Clay King became the purchaser at the price of $1000: A short time after this, one Thomas Gillooly, raised the bid

Dupuy *v.* Gorman.

before the master 10 per cent, tendered his note with security, which was satisfactory to the master, and his bid accepted, and the sale reported as made to him. Petitioner excepted to this report and asked that the sale be set aside, which exceptions were over-ruled, but at the same time the court ordered the bidding opened in the clerk's office for ten days, and then required the clerk to report the purchaser to the court. Petitioner excepted to this, insisting that he had a right in such a case to have the sale made under regular notice, as he says, which we understand to be, by being again advertised as required by law in case of sales in the first place, or at any rate, by public notice.

The order of the court directed no further notice, and that none was intended is evident from the fact that the defendant Nolan excepted to the action of the court at the time on the record, for this cause. The purchaser seems to have made no contest over the matter. The question presented is, whether in all cases the chancellor is bound to order a re-advertise-ment of the property, or public notice given of the fact that the biddings are opened, and stand open for all bidders, where he has re-opened the biddings, after a sale reported.

To this question there can, both in practical reason, as well as upon authority, be but one answer. It is, that while the general rule is as given by Judge Nelson in the case of *Click, adm'r.* v. *Burrus, et al,* 6 Heis., 545, that such notice shall be given. Yet, the chancellor may, in his discretion in a proper case,

10—VOL. 9.

let the biddings remain open in the master's office, and receive such bids as may be offered, and confirm such sale when reported by the master, and it will not be a reversible error. This discretion must be exercised as in other cases of judicial discretion, subject to correction in case of abuse or gross error, but subject to this qualification is always allowable.

It is not unreasonable that such should be the practice. The property has been in such cases already advertised as required by law. The public, who take an interest in its purchase, have had opportunity to be informed of the fact, and that the property is to be disposed of under the direction of the court. The defendant being party to the proceeding is charged with notice of all the steps taken in the cause, and the bidder, a *quasi* party, by his bid, is in court for all purposes material to the protection of his interest.

If the party desires more competition—and this can only be on the part of the defendant, or some one interested in the sale—these facts should be shown to justify this court in saying that the discretion of the court has been injuriously exercised. No fact is shown tending to this result in this record. On the contrary, it very clearly appears to have been an effort for delay, rather than for any prospect of an increased price.

The fact is, opening the biddings, and the sale thus made, is a sale under the original order of the court, its completion only deferred to another stage by the process—the whole conduct of which may be safely left to the sound legal discretion of the chancellor's to

be exercised under the principles we have laid down.

The authorities sustain this view, as the ancient and uniform rule of the court. In the case of *Morton, Smith & Co.,* v. *Sloan,* 11 Hum., 279, 82, this court allowed the party who had advanced his bid to take the land at the advanced bid, without further biddings. This stands on the principle that the matter is in the legal discretion of the court, and to be fairly exercised on the facts of the case before it, and such is substantially the reason given by the court for its action: See p. 282–3.

In the case of *Vaughan* v. *Smith,* 3 Ch. Rep., 369, Judge Cooper, after referring to two other cases in which he had examined the authorities at large on these questions, gives the result most correctly as follows: "Up to confirmation, however, a bid gives the bidder no other rights than those he had before the master—that is, right to the property, if no one advances over him. The master cannot enlarge the time of the biddings beyond the period fixed by the order under which he acts, *but* the court may." He, therefore, in that case, opened the biddings, without any further notice. The authorities referred to in the case of *Mound City Mutual Ins. Co.* v. *Hamilton et al,* 3 Ch. Rep., 228, *et seq,* abundantly sustain the principle we have given, that the matter of opening the biddings and the mode of conducting them in such case is under the discretion of the court, to be exercised in view of the facts of the particular case, and in furtherance of the ends of legal justice.

The result is, that the decree of the chancellor is

affirmed, and as in the case in 11 Hum., we direct that the advance bid of Mr. King be accepted, and the matter be closed. The purchaser has not, as we have said, prosecuted an appeal or writ of error. Costs will be paid out of the fund.