The defendants were served with a summons requiring them to appear at the clerk's office within ten days thereafter, and answer a complaint which would be filed therein, or application for the relief demanded in the complaint would be made. The defendants employed counsel to defend the action and he appeared before the clerk and moved to dismiss the proceedings for want of jurisdiction in him over the subject matter of the action. The clerk refused to act in the premises, for the reason that no case was properly before him of which he could take cognizance.
At the ensuing spring term, 1883, the cause was docketed and a similar motion made before the presiding judge, which was not then entertained in consequence of the absence of the plaintiff's counsel, and the motion was not again renewed. During the term, however, the complaint was filed, the action being to recover land in defendant's possession claimed by the plaintiff, and under an agreement of counsel entered of record in the cause, the pleadings were to be filed during the next fall term, 1883.
At this term, which is held for four weeks, the time and attention of the court were occupied in the trial of criminal *Page 371 
cases, which were protracted until a late hour of Saturday in the last week.
Anticipating that no opportunity would be afforded for the transaction of business on the civil docket, an order was adopted at the instance of a member of the bar in attendance, whereby in substance that was postponed, in the same plight, and without prejudice, to spring term, 1884. This order in full is set out in the transcript, and it is not necessary to specify in detail its provisions.
The demurrer in form, but in effect a written motion to dismiss for want of jurisdiction, was filed on Thursday of the last week, and before leaving the court, called away by illness in his family, the defendants' counsel enquired of the judge in reference to civil causes, and was answered by him that it was not probable that anything whatever would be done on the civil docket, and the attorney accordingly so advised the defendants and that their presence was no longer required, and they could return home, and with this assurance they left.
Late on Saturday afternoon, in calling over cases from the civil docket, when this was reached the plaintiff's attorney moved for judgment, stating that no answer had been filed or other defence put in, an error into which he had fallen by reason of the absence from the papers of that which had been filed, in his examination of them, while the name of the defendants' counsel had been marked as appearing for them, and thereupon judgment final was rendered for the plaintiff.
The present application is to set aside the judgment and recall the writ of possession that had been issued to enforce it, and was heard by the same judge, who presided at the term when most of the facts transpired upon which the motion is based, and from his order relieving the defendants from the judgment under C. C. P., § 133, the plaintiff appeals.
It would be difficult to find a case, the facts in which found by the judge himself personally cognizant of many of them, which more clearly come with the provisions of the statute and warrant the exercise of the power it confers. If there be blame attributable to any, and we do not see that any has been incurred, it falls upon counsel and not upon client, and the judgment is most clearly the result of an inadvertent and erroneous statement, though believed to be true when made, from the counsel of the plaintiff.
The subject has been so often and so fully discussed, and the force and meaning of the statute with its limitations pointed out in cases heretofore before the court, that we are content to say that the ruling of His Honor is fully sustained by the cases of Deal v. Palmer, 68 N.C. 215; Francksv. Sutton, 86 N.C. 78; Ellington v. Wicker, 87 N.C. 14; Geer v. Reams,88 N.C. 197; English v. English, 87 N.C. 497.
There is no error, and this will be certified to the court below.
No error. Affirmed.