J. R. TRULL et als, v. POLLY RICE et als.

*Partition—Judicial Sale—Re-sale.*

1. It is a well settled rule of practice in this State, that in judicial sales, the biddings will be opened and a re-sale ordered, if before the sale is confirmed, an advance of ten per cent. is offered. After confirmation the biddings will not be re-opened, except in case of fraud or unfairness, or some other adequate cause.
2. Where, however, the Judge below, in the exercise of his discretion refuses to open the biddings on an advance of ten per cent. before the sale is confirmed, the Supreme Court will not direct him to do so.
3. In an application to set aside a sale and re-open the biddings, the Supreme Court will not look into conflicting affidavits, but are governed by the facts as found by the Judge.

(*Attorney General* v. *Roanoke Navigation Co,*, 86 N. C., 408 ; *Pritchard* v. *Askew*, 80 N. C., 86 ; *Bost, ex-parte*, 3 Jones' Eq., 482 ; *Blue* v. *Blue*, 79 N. C., 69 ; *Wood* v. *Parker*, 63 N. C., 379 ; *Miller* v. *Feezor*, 82 N. C., 192 ; *Simmons* v. *Foscue*, 81 N. C., 86 ; *Lovinier* v. *Pearce*, 70 N. C., 167 ; *University* v. *Lassiter*, 83 N. C., 38, cited and approved).

MOTION to set aside a sale and re-open biddings heard before *Graves, Judge,* on appeal from the clerk, at Spring Term, 1884, of BUNCOMBE Superior Court.

His Honor refused to order a re-sale and affirmed the judgment of the clerk, from which the plaintiff J. R. Trull appealed.

*Mr. Chas. A. Moore,* for the plaintiffs.
*Mr. S. H. Reed,* for the defendants.

SMITH, C. J. The petition for partition and sale of the tract of land described therein, in order to an assignment to the co-tenants in severalty of their respective shares, was filed on the 2d day of March, 1877, in the Superior Court of Buncombe, before the clerk, and after amendments introducing other interested parties in the action, was prosecuted to a final judgment for actual partition without a sale, in November, 1880. The land is estimated to contain one hundred and fifty acres, whereof the

petitioners James R. Trull, Emma, Charles M., and Julia McAfee, and the defendant Polly Rice are entitled to one undivided seventh part each, and the other defendants, seven in number, are entitled to the remaining one-seventh, the whole being subject to the dower of Jane McAfee, which has been allotted and assigned to her. Upon an appeal to the Judge, so much of the order as directs an actual division and refuses a sale was reversed, and on an appeal to this court that ruling was sustained. *Trull* v. *Rice*, 85 N. C., 327.

On February 17th, 1882, an order for the sale of the premises was entered by the clerk, and at the sale the plaintiff Trull, purchased at the price of one hundred and fifty dollars.

The sale was set aside upon an offer of one of the defendants' counsel to double the bid. The land was again exposed to sale when Jane McAfee, the tenant in dower, became the purchaser at the price of twenty-five dollars of so much as was covered by the dower, and the defendant J. C. McAfee of the residue, unencumbered, for three hundred and five dollars. Thereupon one B. R. Trull, assuming to act for his brother, the plaintiff J. R. Trull, proposed to increase the bids, the one to forty dollars and the other to three hundred and fifty dollars, and concurrent motions were submitted by defendants' counsel to confirm, and by plaintiffs' counsel to vacate the sale.

The other co-tenants are content and do not desire the sale to be disturbed. The motion to set it aside is made at the sole instance of the plaintiff Trull. The commissioner's report is found in the transcript, and it appears therefrom that he recommends that the sale be confirmed. Several affidavits were read before the clerk, one from the said B. R. Trull, and several from other persons on behalf of the defendants, in reference to the sale of the property, the first representing it to be worth, the reversionary estate, seventy-five dollars, and the residue four hundred dollars, while the others regard the sale to have been made at the full value, some of the witnesses being entirely disinterested. Upon the hearing the sale was confirmed, and on

appeal to the Judge, he affirmed the ruling of the Clerk, declaring, upon an examination of the testimony, that, "it appeared that the offer to increase the bids was made by the plaintiff *for the purpose of obtaining an unfair advantage of the other parties."*

From this judgment the plaintiff Trull appeals, and asks us to review and reverse the order of confirmation, and direct another sale to be made by the commissioner. This is the only matter presented in the record.

It is a well-settled rule of practice in this State, which has long prevailed, to regard an offer of an advanced bid of not less than ten per cent. on the sum reported upon a sale by a commissioner acting under an order of the Court, as a sufficient reason for refusing to confirm the sale, and directing a re-sale of the property, while after confirmation, the biddings will not be re-opened, except in case of fraud or unfairness or other adequate cause shown for reversing the order. *Attorney General* v. *Roanoke Nav. Co.*, 86 N. C., 408. But we have been referred to no cases in which, upon the mere ground of a proposal to increase the bid, and without regard to surrounding circumstances, this Court has undertaken, in the exercise of an appellate jurisdiction in matters of law, to compel the Judge in the Superior Court to refuse the proposal of the reported bidder and to direct a re-sale of the property.

The court to whose sound discretion the question of affirming is addressed, is reluctant to set aside a sale made under its authority and by its own appointee, and, in the language of Dillard, J., "is careful not to do so, unless there be some special circumstances, such as unfairness in the conduct of the sale, want of proper notice of the time and place of sale, fraud in the purchaser and *palpable inadequacy of price,* and similar grounds." *Pritchard* v. *Askew,* 80 N. C., 86.

This is said in a case where the sale was under a decree in this Court, and where its relations to the cause were the same as those in the courts below. Examining the cases cited, none will be found to contravene the general rule of judicial action mentioned.

In *Bost, ex-parte*, 3 Jones Eq., 482, a cause in the former court of equity, the evidence was examined and the facts deduced. The appeal was from an order setting aside a sale and the ruling was sustained.

In *Blue* v. *Blue*, 79 N. C., 69, the sale was set aside for irregularity and other intrinsic defects, and not for an advanced bid.

In *Pritchard* v. *Askew, supra*, and *Wood* v. *Parker*, 63 N. C., 379, the sales were under judgments in this Court and were under its control.

In *Miller* v. *Feezor*, 82 N. C., 192, the purchaser of a slave, who was emancipated before title made, was released from his obligation to pay the purchase money, and only required to account for the hire received.

In *Attorney General* v. *Roanoke Navigation Co., supra*, the sale was set aside upon the proposal to pay the increased price, and this order was sustained on the appeal.

In *Simmons* v. *Foscue*, 81 N. C., 86, an erroneous ruling in regard to a matter of law, was corrected on appeal, and there being no other exceptions, the report was confirmed.

In this case, as in *Lovinier* v. *Pearce*, 70 N. C., 167, while the necessity of finding the facts in the court below is recognized and declared, this court did look into the affidavits to see what facts are not in controversy and assume them to be intended to be presented, and proceeded to judgment upon them.

In the latter case, Mr. Justice Reade says, "It is true, His Honor does not make out a separate statement of the facts, as usually it is *best*, and as in cases where the facts are complicated or the testimony contradictory, it is *necessary* for him to do, yet the facts do distinctly appear," &c.

In the former it is remarked where the evidence and not the facts was sent up, "ordinarily we should feel constrained to remand the cause for the findings of fact, or affirm the judgment because no error is apparent. * * * But as the statements made on the affidavits do not conflict, except, perhaps, in estimates, we may assume them to contain the admitted facts on

which the rulings in the court below were based," &c. *University* v. *Lassiter*, 83 N. C., 38.

If we were at liberty to look into the affidavits, while the appellants differ in their estimates of the value of the property, all but the plaintiff's brother deeming the sale to have been at a full and fair price, there are no facts stated which impeached in any manner the integrity and fairness of the sale in its conduct by the commissioner, or combination among bidders. The clerk, upon a full hearing, affirmed the sale—his ruling was concurred in by the judge, and if we had the power to correct it, no sufficient reason is assigned for our doing so, in opposition to the wishes of the owners of six-sevenths of the estate, at the instance of a single dissatisfied tenant. But the confirmation or vacation of the sale rests in the sound discretion of the court below, and we recognize no inexorable principle of law which requires a vacation of a sale upon the ground of an offer of a larger price merely, in disregard of all considerations which prompt the acceptance of the bid.

There is no error. This will be certified.

No error. Affirmed.