R. B. THOMPSON v. BAXTER SHEMWELL Adm'r, et al.

*Partition—Judge's Charge.*

1. Where three commissioners are appointed to partition land, as prescribed by §1892 of The Code, the action of any two of them is valid.

2. Where, in an action to recover land, the defence was a mistake made by the commissioners appointed to make partition, the Court properly charged the jury that they must determine what the commissioners, as a body, and not what one of them intended.

(*Simmons* v. *Foscue*, 81 N. C., 86, cited and approved).

CIVIL ACTION tried before *Montgomery, Judge,* and a jury, at September Term, 1885, of DAVIDSON Superior Court.

The plaintiff brought this action to recover possession of the land described in the complaint.

The defendants in their answer, relied upon the defence that the plaintiff, the *feme* defendant, and others, were tenants in common of a tract of land; that partition thereof had been made between them, and that by mistake, the commissioners appointed to divide and apportion the land, had so settled a line

between the plaintiff and the defendant as to allot to the plaintiff the land in question—one acre and one-fifth of an acre—when, in fact, they intended to allot, and ought to have allotted the same to her.  They demanded judgment that the division of the land made by the commissioners, and particularly the line in question, should be changed and corrected, so as to apportion the land in question to the *feme* defendant, and that she have the benefit of such correction in making her defence to this action.

An issue was submitted to the jury, of which the following is a copy, and to which they responded in the negative:

"1.  Did the commissioners appointed to divide the land of J. H. Thompson intend to allot the land in controversy to Mrs. Shemwell, and was the same in the report of the commissioners, by mistake allotted to the plaintiff."

Philip Sowers, one of the commissioners who divided and apportioned the land, was examined as a witness for the defendants, and he testified that the line in question was fixed and settled adversely to the *feme* defendant, by mistake.

Another witness testified that he was present when the commissioners divided the land, and he contradicted the witness Sowers, and there was other evidence bearing upon the issue submitted.

The following is a copy of that part of the instructions of the Court to the jury, necessary to be stated here:

"The Court charged the jury that in passing upon the question as to what the commissioners intended, and whether there was a mistake or not in drawing the report of the commissioners, the burden was on the defendants to satisfy them by a preponderance of the evidence that a mistake had been committed in drawing the report, and that the report was not what the commissioners intended ; that the question was not what Sowers, one of the commissioners, intended, and whether he had made a mistake, but what the commissioners intended."   The defendants excepted to this part of the charge.  The Court charged upon other matters which was not excepted to, and there was other evidence in

the case, but the above is all that is material to the question raised by the appeal.

There was a judgment for the plaintiff, and the defendant appealed.

*Mr. M. H. Pinnix*, for the plaintiff.
*Mr. Emery E. Raper*, for the defendants.

MERRIMON, J., (after stating the facts). No objection was made by the plaintiff to the character of the defence set forth and relied upon in the answer of the defendants. If it be granted that it might be upheld as an equitable counter-claim, we are of opinion that the single exception to the instructions of the Court to the jury cannot be sustained.

The inquiry was, whether the commissioners who divided and apportioned the land, had, as a body, made a mistake as alleged against the *feme* defendant. The statute (The Code, §1892), provides that three commissioners shall be appointed, upon proper application, to divide and apportion real estate among tenants in common, and two of them (The Code, §1896), may make and sign the report required to be made to the Court. *Simmons* v. *Foscue*, 81 N. C., 86. The Court, therefore, properly instructed the jury, "that the question was not what Sowers, one of the commissioners (who testified), intended, and whether he had made a mistake, but what the commissioners intended"— that is, what the commissioners, as a body—a majority of them, if one dissented—intended. If two, understanding their purpose and making no mistake in that respect, concurred, that was sufficient, although the third made a mistake as to his purpose, because the concurrence of the majority is sufficient to render the division and partition operative and valid.

The judgment must be affirmed.

No error.                                          Affirmed.