## CLEMENT v. IRELAND.

### (Filed November 12, 1901.)

1. JUDGMENT—*Setting Aside—Excusable Neglect—The Code, Sec. 274—Irregular Judgment.*

    A judgment obtained by mistake, inadvertence, surprise or excusable neglect may be set aside upon motion in the cause within a year, and an irregular judgment may be set aside at any time.

2. JUDICIAL SALES—*Judgments—Setting Aside—Foreclosure of Mortgages—Confirmation of Sale.*

    The evidence in this case warrants the setting aside of the confirmation of sale under foreclosure.

3. JUDICIAL SALES—*Confirmation—Irregular Judgment—Practice.*

    It is irregular to confirm a judicial sale at the same term at which the sale is made.

ACTION by W. R. Clement and others against H. B. Ireland and others, heard by Judge *E. W. Timberlake,* at Chambers, in Winston, on .. day of December, 1900. From an order setting aside a decree confirming a foreclosure sale, the defendants appealed.

*Watson, Buxton & Watson,* for the plaintiffs.
*A. H. Eller,* and *E. E. Raper,* for the defendants.

CLARK, J. Motion in the Superior Court of Davie County at Fall Term, 1900, to set aside judgment of confirmation obtained at Spring Term, of sale of land under a decree of foreclosure. The Court found the facts to be that the decree of foreclosure was made at Fall Term, 1899, and the land was sold by the commissioner named in said decree, at the courthouse door on 3d April, 1901, being the second day of that

LEMENT v. IRELAND.

term; that owing to smallpox epidemic in the town of Mocksville, notice had been given by authority of the Judge that the term would only be held long enough to dispose of jail cases, but no civil causes would be tried; that except a nominal bid at request of commissioner, the only bids were made by the attorney of the assignee of the judgment and the assignee himself, who became the purchaser, and the sum bid was not a fair and adequate price; that the sale was made at noon recess of the Court, and was immediately reported to the Court and confirmed that afternoon, though opposed by the defendant, who was precluded by the promptness of confirmation and the adjournment of the term, which took place immediately afterwards, from filing affidavits to oppose confirmation or securing an increased bid of ten per cent upon the amount bid, which he has since done, and deposited said ten per cent with the Clerk of the Court; that when the sale was confirmed as aforesaid, the defendants gave notice that they would move at the next term to set aside the judgment for irregularity, surprise and excusable neglect.

His Honor's judgment setting aside the decree of confirmation should be sustained on both grounds.

We are cited to numerous cases that a final judgment can not be set aside by a motion in the cause, and that the judgment of one Superior Court Judge can not be reversed by another, they being of co-ordinate power. · Both these propositions are sound, subject, however, to the rule that a judgment obtained by mistake, inadvertence, surprise or excusable neglect may be set aside upon motion at any time within a year, Code, sec. 274; and that an irregular judgment may, upon motion, be set aside at any time. *Carter v. Rountree,* 109 N. C., 29; 1 Freeman on Judgments, sec. 100.

In *Pickens v. Fox,* 90 N. C., 369, it was held as one ground of excusable neglect to set aside a judgment, that the Judge had informed counsel that no civil business would be dis-

posed of at that term, and he left a civil cause unrepresented on his departure from the Court before its adjournment, whereupon judgment was taken therein. The facts found in the present instance make out a clear case of excusable neglect, and such being the fact, the exercise of his Honor's discretionary power to set aside or refuse to set aside a judgment is not reviewable. *Norton v. McLaurin,* 125 N. C., 185; *Manning v. Railroad,* 122 N. C., 824; *Stith v. Jones,* 119 N. C., 428.

The judgment was also irregular, because it is contrary to the regular course of the Courts to confirm a judicial sale at the very term during which the sale had taken place. Of course this could be done by consent, but in its absence there should always be some lapse of time between the date of the sale and its confirmation that the mortgagor, or other person, whose land has been sold by decree of Court, may have opportunity to file exceptions based upon affidavits and to procure an increased bid of ten per cent, and deposit the same in Court. *White ex. parte,* 82 N. C., 377. In analogy to the provision as to sales for partition, this should be at least twenty days. Code, sec. 1918. The purchaser at a judicial sale is simply a mere preferred proposer, and has no independent rights before the sale is confirmed. *Attorney-General v. Nav. Co.,* 86 N. C., 408; *Dula v. Seagle,* 98 N. C., 458. A confirmation should not be made, as here, immediately upon the sale, without opportunity to defendant, either when he has no notice or when, as in this case, he has no time allowed to show cause against confirmation. No harm can be worked by setting aside the confirmation when, as here, the purchaser not only procured the speedy confirmation, but was himself the creditor, being assignee of the judgment under which the property was sold. The lien of his judgment remains unimpaired.

No Error.