ABRAM UZZLE et al. v. H. WEIL & BROTHERS et al.

(Filed 13 October, 1909.)

1. Sales, Judicial—Advance Bids—Trial Judge—Discretion.

The refusal of the trial judge to set aside a judicial sale of land upon an advance bid, is discretionary with him, and not reviewable on appeal.

2. Same—Laches.

An advance bid over that obtained at a judicial sale of lands should be made in apt time, which is held to be at the term next

ensuing the sale; and in this case the refusal of the trial judge to reopen the sale upon an advance bid of forty per cent, made before the confirmation, but fourteen years after the sale, is not reviewable on appeal.

Appeal by defendants from *Neal, J.,* May Term, 1908, of New Hanover.

The facts are sufficiently stated in the opinion.

*Aycock & Winston* and *F. A. Daniels* for plaintiffs.
*W. C. Munroe* for defendants.

Clark, C. J. The land was ordered sold under decree of court, October, 1893; land was sold for $250 by W. T. Faircloth, commissioner, 22 January, 1895; motion had previously been made, 5 January, 1895, to set aside sale, but no action was taken; neither was sale confirmed. At November Term, 1908, the defendants, Weil & Bros., objected to confirmation of sale and offered to raise the bid $100. At April Term, 1909, the court overruled the exceptions and confirmed the sale.

The brief of counsel for appellant is based on the ground that the court had the power to set aside the sale, and should have done so, upon the advance bid of 40 per cent. But, conceding that, notwithstanding the increase in the value of land since 1895, it would have been just to the purchaser to now reopen the sale, the action of the court in refusing to do so is not reviewable. *Trull v. Rice,* 92 N. C., 572; *Vaughan v. Gooch, ib.,* 530; *Harrell v. Blythe,* 140 N. C., 415. In *Attorney-General v. Navigation Co.,* 86 N. C., 408, *Judge Ashe* uses this language: "The practice, here, established by long usage in our courts of equity, has been to reopen biddings and order a resale whenever an advance bid has been offered of 10 per cent. upon the amount bid at the sale, provided it is made before the confirmation of the sale and in apt time, which is at the term ensuing the sale." Certainly it cannot be said that the application of H. & S. Weil to raise the bid has been made "in apt time," and much less that it has been made at the "term ensuing the sale," for probably over sixty terms intervened between the report of the sale and the offer to raise the bid.

Affirmed.