On the hearing it appeared that the real estate in question formerly belonged to W. C. Fields, deceased, who devised the same in his last will and testament to his daughter, Annie Fields Sutton, for her natural life, and after her death, if she shall (275) have married and have children or child by such marriage, then to such child or children, and if she does not marry, then to her brothers and sisters who may survive her, to them, their heirs and assigns. That said Annie Fields Sutton has been married for six or seven years, without having had any child, and the parties in interest, to-wit, feme plaintiff and defendants, her brother and sisters, the children and devisees of W. C. Fields, desiring to sell the property, which is going to waste for want of proper care, bargained the same to one L. C. Mosely at the price of $21,000 and instituted the present action, as stated, to make sale and conveyance of said land pursuant to said bargain.
The court, on hearing the testimony, makes extended findings of fact relative to the proposed disposition of the property, among others, that at the time of bargain made and suit instituted, the price offered was an adequate one, and that "the interest of all parties required and would be materially enhanced by a sale of the land to L. C. Mosely at the price of $21,000, with interest thereon from 1 January, 1917, being amount and terms of the offer." *Page 296 
It further appeared that during the term the decree was entered, one W. T. Hines filed a written stipulation, whereby he agreed to raise the bid 10 per cent, and later in the term he increased his offer to $25,000; that before suit instituted, said Hines, who was negotiating with the parties for the purchase of the land, had withdrawn an offer of $19,000 which he had made for the land, saying that he didn't care to buy at that price. Thereupon the owners made the bargain with L. C. Mosely, as stated, at $21,000. That soon after making the trade, said Mosely, at the instance of the owners, had entered into possession of the property and expended, in money and material and improving said land, as much as $2,000, and had given almost his entire time to the purpose, and had thereby greatly enhanced its value, and that neither he nor his bargainors had any notice it was Hines' purpose to make an increased bid till it was offered in court, pending the proceedings. In this connection his Honor finds that the price offered by Mosely, when considered in reference to a reasonable compensation to him for his time and effort in improving the home, and the sum of $2,000, in money and material actually expended, is a more desirable bid than that of said Hines.
There was a decree of sale to Mosely at $21,000, retaining the proceeds to be invested pursuant to law, and the proposed purchaser, W. T. Hines, appealed.
It seems that in an action of this character the (276) appellant, W. T. Hines, by reason of his unaccepted offer to purchase, has no such interest in the subject-matter of this litigation and has acquired no such status in this suit as to give him the right to question the proceedings by appeal or otherwise. In Battle's Revisal, sec. 585, the right of appeal in civil actions generally is conferred on "any party aggrieved," and we find no decision that would recognize this proposed purchaser as coming within the terms or meaning of the statute. Upchurch v. Upchurch,173 N.C. 88; Faison v. Hardy, 118 N.C. 142; Green v. Harrison, 59 N.C. 253;In re Switzer, 201 Mo. 66, with extended note by the editor; 2 R.C.L., title Appeal and Error, sec. 33.
But if the right of appeal be conceded, it is clear, we think, that on the facts presented in the record the sale to L. C. Mosely has been properly confirmed.
It is fully established with us that in an action under this *Page 297 
statute, and in proper instances under its general power, and when the interest of the parties will thereby be best promoted, a court of equity may make a disposition of property by private sale. Thompson v.Rospigliosi, 162 N.C. 145, and authorities cited; and where a sale is made under its decree, public or private, the question of confirmation is vested in the sound legal discretion of the presiding judge; and while it is generally customary to refuse confirmation and order a resale in case of responsible and increased bid, as much as 10 per cent, this course is not always obligatory.
Speaking to the question in the recent case of Upchurch v. Upchurch,supra, the Court said: "But while these rules are usually observed, they are not absolutely imperative, and the question of confirming a sale is referred, as stated, to the sound legal discretion of the court, and in the proper exercise of such discretion, the court, under certain conditions, may reject an increased bid and confirm a sale, when it appears from the relevant facts and circumstances that such a course is wise and just and for the best interest of all the parties whose rights are being dealt with in the suit," citingThompson v. Rospigliosi, supra; Uzzle v. Weil, 151 N.C. 131; Wood,Admr., v. Parker, 63 N.C. 379. How far and in what cases these principles may be modified by chapter 146, Laws 1915, requiring certain sales to be set aside on an advanced bid of 10 per cent when the amount is $500 or less, and of 5 per cent in sales over $500, and whether such statute applies in any case to judicial sales, it is not necessary to determine, for the present proceeding is clearly not within the provisions of the statute, but is subject to the general principles stated, and which in their application fully justify the action of his Honor in directing and confirming the sale to the purchaser, L. C. Mosely, as prayed by all the parties who have present interest in the property. Apart from this, the court finds, and the facts, in our opinion, fully justify, his finding that when (277) proper regard is had to the relevant facts, the actual expenditure by Mosely and the enhanced value of the land, due to his energy and diligence, the bid by him is, in the positive, a more desirable disposition of the property.
In any aspect of the matter, therefore, the judgment of his Honor should be upheld.
Affirmed.