Peaeson, J.
 

 At Spring Term, 1852, the Clerk and Master reported a sale of the land to Martin G. Leavitt at the price of $1800. After the examination of witnesses and argument of counsel the sale was confirmed. Leavitt went into possession and expended some $600 in repairs and improvements. At Spring Term, 1853, a motion was made to set aside the sale and re-open the biddings, based on a suggestion that the land had been sold for too small a price, and a proposition of Ashbee that he would malee an advance in the new biddings of $500. Many affidavits were read, and his Honor thereupon set aside the sale and directed the biddings to be re-opened.
 

 In looking over the affidavits it is left doubtful whether the land did not sell for its value, considering the incumbrance of the widow’s dower, and there is room to believe that'the present motion and offer to advance the biddings, is to be ascribed to the fact that the value of land in that vicinity has risen considerably since the sale. But to avoid any difficulty about the facts, and to present the question broadly ; assume that the land did not sell for as much as it was worth at the time of the sale, by some two or three hundred dollars, and would now sell for $500 or $1,000 more, there is not even a suggestion that any
 
 fraud was practiced
 
 in order to cause the land to sell for less than its value.
 

 We can imagine no ground other
 
 l\v<m fraud,
 
 upon which this Court can assume jurisdiction to set aside a sale and open bid-dings, a year after the sale
 
 has been confirmed,
 
 and after the purchaser has been let into possession and has made outlays in repairs and improvements so that he cannot be put
 
 in statu quo.
 
 If it may be done one year, it may be done two years or five or ten years after the confirmation upon the same principles. The
 
 *162
 
 consequence would be that no man of good sense would ever bid at such a sale, for he could never know when to call the land his own.
 

 Any practical mind will see at once that an attempt to make property bring its full value by opening the biddings after the sale has been confirmed, must defeat its own object; because no man will play at a one sided game. He is bound and the Court is loose, and the Court may at any time say to him, there is no fraud imputed to you, but it is ascertained that the land will now sell for more than you gave for it, so you shall be paid for your improvements,
 
 deducting a reasonable
 
 rent, and have back your money, but must give up the land. The cases to be met with in the English books, where sales have been set aside and the bid-dings opened, except on the ground of fraud, are very few, and all of them are put on
 
 u
 
 special circumstances.”
 
 f
 

 If the Court had a right to entertain this matter at all, it certainly could not do so on motion. The parties were out of Court and some formal proceeding was necessary, either bill or petition, in order to give the parties a day in Court, and have the proceeding and issue put in a permanent shape.
 

 The decretal order below is reversed, and the motion to set aside the sale and open the biddings is disallowed with costs.
 

 Pee Curiam. Order reversed.