SAMUEL T. SMITH et al v. R. T. GRAY, Executor, et al.

*Action to Recover Land—Service of Process—Irregular Judgment in Sale for Partition—Collateral Attack— Ratification by Minors.*

1. Where, in a proceeding to sell land, an order of sale has been made and property sold and the sale confirmed, the judgment is final and can only be set aside in a direct proceeding for that purpose.

2. Where infant defendants are served with a summons in proceedings for the partition of land and a guardian *ad litem* is appointed, a judgment affirming the sale cannot be set aside in a collateral proceeding for alleged fraud or irregularity.

3. Where infants, after reaching their majority, with knowledge of the facts rendering the sale of their land voidable for irregularity, receive the residue of the purchase price, they ratify the sale.

4. Section 387 of *The Code* cures irregularities in a partition sale of land of minors.

Action to recover a half interest in a lot of land in Raleigh, N. C., alleged to have been irregularly sold in proceedings for partition without proper service of the summons on minor owners, and now owned by and in the possession of the defendants to whose testator it came after several mesne conveyances, as a purchaser for value and without notice of any irregularity in the proceedings for its sale.   The action was tried before *Bynum, J.,* at Fall Term, 1894, of WAKE Superior Court, and from a judgment in favor of defendants, the plaintiffs appealed.   The facts are stated in the opinion of Associate Justice MONTGOMERY.

*Messrs. T. R. Purnell* and *T. M. Argo,* for plaintiffs ( appellants ).

*Mr. R. O. Burton,* for defendants.

FURCHES, J. : Though we may feel called upon to affirm the judgment of the Court below, we cannot say, as the learned judge below did, that in our "opinion the proceeding ' B ' was regular."   And we fear that plaintiffs, while they were infants, did not receive the protection from the Court they should have had.

We find from the transcript of record  sent up that Andrew Syme, the administrator of J. J. Jackson, father of plaintiffs, commenced a proceeding in the Superior Court of Wake to subject the land in controversy to assets, to pay debts and cost of administration, in which he states in his verified complaint that the property is worth $2,000.   This proceeding went on to final judgment and order of sale,

without any service on the plaintiffs in this action, except that a member of the bar, professing to act for the infant defendants, had accepted service of process and although the defendants in this proceeding claimed their homestead, the Court proceeded to judgment.

In this proceeding, Mason and Syme were appointed commissioners and sold the land, when one McGee became the purchaser at $910.00, but refused to comply with the terms of sale for the reasons that the infant defendants had not been served with process and that the homestead had been claimed. Whereupon, Thomas Wynne, who had married the oldest sister of plaintiffs, who was unfriendly with plaintiffs, commenced another proceeding in the same Court to have this property sold for partition, making the present plaintiffs defendants. In this proceeding, there seems to have been a service of the summons as follows: "Served February 5th, 1880, by reading the within summons to all the defendants named within"; and there was a guardian *ad litem* appointed for the infant defendants, who filed an answer, admitting all the facts set out in the complaint. And a judgment and order of sale was made in this proceeding, and Andrew Syme and T. P. Devereux were appointed commissioners—sold the property for $800 and reported that it had brought "a fair and full price" and recommended a confirmation of the sale, which was made by the Court. These commissioners seemed to have made this sale under the order of the Court in the case of Syme, Adm'r, and also under the order in the case of Thos. Wynne against plaintiffs, in the proceeding to sell for partition. As they report said sale in both proceedings, the Court confirms it in both proceedings and their deed to Pinkston states that it is made under both proceedings.

It also appears that the same attorney who undertook to accept service in the case of Syme, Adm'r, for the infant

defendants, acted as the attorney of Thomas Wynne in his proceedings against them to sell the property for partition.

This Court cannot say that such "proceedings are regular," or allow them to receive the sanction of this Court. And if the case stopped here we would most unhesitatingly set them aside, were this a direct proceeding for that purpose.

But with all this irregularity we cannot say they were *void*, and this is the turning point in the case in favor of the defendants.

Where there is no service of process the court has no jurisdiction and its judgment is *void*. *Bank* v. *Wilson*, 80 N. C., 200; *Stancill* v. *Gay*, 92 N. C., 462. Such judgments have no force and may be quashed on motion or *ex mero motu*, and will be treated everywhere as a nullity. *Carter* v. *Rountree*, 109 N. C., 29.

When a judgment is attacked for fraud the remedy is by motion in the cause, if the proceeding is still pending. But if the proceeding has been ended by final judgment an independent action must be brought. *Carter* v. *Rountree, supra.*

In a proceeding to sell lands when an order of sale has been made and property sold, this is a final judgment, and while it may be set aside in a direct proceeding for that purpose, it cannot be attacked in a collateral proceeding. *McLaurin* v. *McLaurin*, 106 N. C., 331; *McGluwhorn* v. *Worthington*, 98 N. C., 199; *Sumner* v. *Sessoms*, 94 N. C., 371; *Hare* v. *Holloman*, 94 N. C., 14. But it seems that this is one of the cases intended to be provided for in the act of 1879 (Sec. 387 of *The Code*), and the irregularities pointed out above are cured by this Act. *Fowler* v. *Poor*, 93 N. C., 466; *Hare* v. *Holloman, supra*; *Oates* v. *Pickett*, 97 N. C., 21.

As this judgment was only irregular and not void, it would seem that the deed of the commissioners to Pinks-

ton conveyed the legal title· to the property now in dispute and may be considered as a deed from plaintiffs, while they were infants, which, though voidable, was not void and might be ratified by them after they reached their majority. And if this is so we hold the fact that, after they came of age and being in possession of all the facts, their receiving the residue of the purchase money was a ratification of what had been done and of· defendants' title. And they will not now be allowed to come into court and dispute the same.

It is not contended but what defendants are purchasers· for a valuable consideration and without notice ; and it may be that this would be another ground of defense. But as we have decided the case for defendants upon other grounds we do not consider this.

Judgment Affirmed.