M. R. UPCHURCH et al. v. G. W. UPCHURCH et al.

(Filed 7 March, 1917.)

1. Judicial Sales—Confirmation—Court's Discretion—Statutes.

The highest bidder at a sale of lands under decree of court is a preferred proposer, acquiring no independent rights in the property or suit until confirmation, which rests within the sound legal discretion of the court until he moves therefor, the statutory requirement that the sale be

confirmed "if no exception thereto is filed within twenty days," being for the convenience of the parties in not requiring them, as before the enactment of the law, to give notice, etc., of the motion whereon the court may act and conclude them. Revisal, Sec. 2513.

## 2. Same—Advanced Bid—Amount.

While it has been in accord with the practice in this State to refuse to confirm a judicial sale unless there has been an advanced bid from a responsible bidder, this is but to afford evidence as to the inadequacy of the price, which the court, in the exercise of its discretion to confirm or set aside the sale, may regard or disregard; and while a bid of 10 per cent will customarily be considered, so may, also, an advanced bid in a less sum, when the amount is large, a distinction also recognized by our statute, ch. 146, Laws 1915, as to sales under decree of foreclosure, etc., making 5 per cent sufficient when the bid is more than $500.

## 3. Judicial Sales—Confirmation—Fraud and Mistake—Motion in Cause—Statutes.

After confirmation by the court of a judicial sale of lands, the purchaser is regarded as the equitable owner, and the sale, as it affects his interest, can only be set aside for "mistake, fraud, or collusion," established on petition regularly filed in the cause. Revisal, sec. 2513.

CAUSE heard on appeal from judgment of clerk of Superior Court of CHATHAM, before Cox, J., presiding and holding the courts of the Fourth Judicial District, February 7-10, 1917.

The judgment of the clerk was one refusing to confirm a sale of lands had pursuant to a decree by him duly entered, and the facts pertinent to the present appeal are very well epitomized in the judgment of Judge Cox, as follows: "It appearing to the court, and the court finding as a fact, that the sale of the lands and timber described in the complaint filed in the cause, made by the commissioners herein on 5 January, 1917, was in all respects regular; that there were numerous bidders at the sale and the bidding was spirited; that W. T. Hunt of W. T. Hunt & Brother was present and bidding; that W. L. Nevins and L. B. Flournoy, trading as Nevins & Flournoy, became the last and highest bidders at said sale for the land and timber at the price of $26,000; that said bid was a fair and reasonable price for said land and timber; that the commissioners made report of the sale without recommendation, on 6 January, 1917; that an advanced bid of $1,500 was filed by W. T. Hunt and S. L. Hunt, trading as W. T. Hunt & Brother, with Hon. James L. Griffin, clerk of the Superior Court of Chatham County, on 27 January, 1917; that before the filing of the advanced bid no exception had been made to the report of the commissioners and no confirmation of the sale had been made by the court; that on 29 January, 1917, W. L. Nevins of Nevins & Flournoy ap-

peared in person and with counsel before said clerk of the Superior
Court of Chatham County and moved the court for judgment confirm-
ing said sale to Nevins & Flournoy, and for an order requiring the
commissioners to make and deliver to said Nevins & Flournoy a good
and sufficient deed to said land and timber on payment of the pur-
chase price; that said clerk of the Superior Court of Chatham County,
in the exercise of his sound discretion, refused to confirm said sale;
that from such refusal to confirm, the said Nevins & Flournoy excepted
and appealed to this court."

Upon these facts, his Honor, being of opinion that the clerk was
acting within his authority in refusing to confirm the sale, entered a
decree confirming the judgment, and Nevins & Flournoy, the bidders
at the sale, having duly excepted, appealed.

*Fred W. Bynum for plaintiff.*
*Percy J. Olive and J. C. Little for appellant.*

HOKE, J. The statute bearing more particularly on the question
presented, Revisal, sec. 2513, is as follows: "The court may authorize
any officer thereof, or any other competent person, to be designated
in the decree of sale, to sell the real estate under this proceeding; but
no clerk of any court shall appoint himself or his deputy to make sale
of real property or other property in any proceeding before him.
Such officer or person shall file his report of sale, giving full particu-
lars thereof, within ten days after the sale, in the office of the clerk
of the Superior Court, and if no exception thereto is filed within
twenty days, the same shall be confirmed: *Provided,* that any party
after the confirmation shall be allowed to impeach the proceedings
and decrees for mistake, fraud, or collusion, by petition in the cause:
*Provided further,* that innocent purchasers for full value and without
notice shall not be affected thereby." And it is contended for defend-
ants that by virtue of the clause in the section, "and if no exception
thereto is filed within twenty days, the same shall be confirmed," they
are entitled to have the sale confirmed as of right and notwithstanding
the increased bid of $1,500.

Prior to the enactment of this clause, and so far as the rights of a
bidder at a judicial sale was concerned, the court, before confirmation,
had well-nigh unlimited discretion as to the acceptance of the bid.
Such a bidder acquired thereby no independent right in the property
or in the suit. His offer was considered only as a proposition to buy
at the price named, the court reserving the right to accept or reject
the bid, as it might decree best. *Harrell v. Blythe,* 140 N. C., 415;
Rorer on Judicial sales (2d Ed.), sec. 108. In *Harrell's case, Walker,*
*J.,* delivering the opinion, said: "Where land is sold under a decree

of court, the purchaser acquires no independent right. He is regarded as a mere preferred proposer until confirmation, which is the judicial sanction or acceptance of the court, and, until it is obtained, the bargain is not complete." And, in Rorer, sec. 108, it is said: "The court is clothed with an unlimited discretion to confirm a judicial sale or not, as it may seem wise or just. Confirmation is final consent, and the court being the vendor, it may consent or not, in its discretion." True, this author, in a subsequent section, says that the matter of confirmation rests in the sound legal discretion of the court, and the same may be reviewed on appeal, but this, except on motion to relieve a bidder from a proposal superinduced by fraud or excusable mistake, must be understood to refer rather to the question as it affects the rights or interests of the parties which are already involved in the suit, and not to the bidder, who as yet has acquired no standing or interest therein. *Harrell v. Blythe, supra; Joyner v. Futrell,* 136 N. C., 302; *Hall v. Taylor,* 133 Ga., 606; Rorer Judicial Sales, sec. 110. On the matter of confirmation, in that aspect of the case it has not been in accord with the practice in this State to refuse to confirm a sale for inadequacy of price unless there has been an advanced bid and by a responsible bidder, and on average or lesser values, an increased bid of 10 per cent has usually been regarded as sufficient to justify the court in reopening the biddings. Where amounts are large, the advance per cent need not be so much. A distinction recognized by statute as to sales under decree of foreclosure, etc., by chapter 146, Laws 1915, making 5 per cent sufficient when the amount of bid is over $500. But, while these rules are usually observed, they are not absolutely imperative, and the question of confirming a sale is referred, as stated, to the sound legal discretion of the court, and, in the proper exercise of such discretion, the court, under certain conditions, may reject an increased bid and confirm a sale when it appears from the relevant facts and circumstances that such a course is wise and just and for the best interests of all parties whose rights are being dealt with in the suit. *Thompson v. Rospigliosi,* 162 N. C., 145; *Uzzle v. Weil,* 151 N. C., 132; *Dula v. Seagle,* 98 N. C., 458; *Wood v. Parker,* 63 N. C., 379. After confirmation, the power of the court is much more restricted. The purchaser is then regarded as the equitable owner, and the sale, as it affects him or his interests, can only be set aside for "mistake, fraud, or collusion" established on petitions regularly filed in the cause. Revisal, sec. 2513. *Ashbee v. Cowell,* 45 N. C., 158; *Kampman v. Nicewaner,* 60 Neb., 208; *Va. Ins. Co. v. Cottrell,* 85 Va., 857.

Considering this legislation in view of these recognized powers of the court in the case of judicial sales, we are of opinion that, on the facts as embodied in his Honor's judgment, appellant's position can-

not be maintained. So far as we are aware, the clause relied upon appears for the first time in the Code of 1883, sec. 1906. Prior to that, these sales were confirmed on motion and after notice, Laws 1868-9, ch. 122, secs. 5 and 15; and the primary purpose of the amendment was to relieve the parties and the proposed purchaser of the delays and uncertainties incident to this requirement for further notice, etc. In causes having numerous parties, in many instances widely scattered and at times nonresident, this requirement for further notice might and frequently did present a real obstacle in the successful conduct of such sales, both in the matter of time and cost, and the law was enacted to enable the court to proceed to judgment on the record as it stood, after twenty days, and to shut off all right of exceptions for irregularities, lack of notice, or even inequalities as between the parties to the record, and it was never intended to deprive the court of the power to regulate and control a sale by reason of advanced bids made and entered before the purchaser appeared and moved that his bid be accepted and sale confirmed. This right the statute confers upon him and, under its provisions, he can appear at the end of the twenty days or after, and if an increased bid has not been made at the time of motion entered, he is entitled to have the same allowed, and on the record as it then appears. Until such move is made on his part, the powers of the court in reference to confirming the sale for inadequacy of price may be determined in its legal discretion. This increase of bid is not in strictness an exception by the parties, the objection more directly contemplated by the statute, but a recognized method of affording information to the court that the property has not brought a fair price, and, as stated, these facts may be considered and acted on if presented before the purchaser has appeared and moved for confirmation of sale.

This, in our opinion, being the proper construction of the law, his Honor has made correct ruling on the matter presented. In a sale, to an amount greatly in excess of the average, $26,000, there has been an advance bid by responsible parties of $1,500. True, this was made one day after the expiration of the time limit, but it was made before the bidder had appeared to insist on his rights, and, under the facts of the record, the clerk was right and certainly acting within his powers in refusing to confirm the sale. We have been referred by counsel to the case of *Floyd v. Rook*, 128 N. C., 10, as an authority against our disposition of the appeal. That was a case of actual partition and in which exceptions from some of the parties of record, filed after twenty days, were disallowed for that reason. It does not distinctly appear in that appeal what was the nature of these exceptions. Doubtless they were for some irregularities in the proceedings or because of some

inequitable adjustment. In either case they were known to the parties at the time the partition was made or when the report was filed, and such objections come more nearly within the express terms and purpose of the statute. In our view, the case is not in necessary conflict with our present decision, to the effect that the statute does not and was not intended to impair the power of the court as to confirmation of judicial sales for inadequacy of price, evidenced by an increased and sufficient bid made before the proposed purchaser has appeared and moved for an acceptance of his bid, as he can now do under the law after twenty days.

There is no error, and the judgment of the court is

Affirmed.