H. K. PERRY v. W. M. JOLLY, GUARDIAN OF FLORENCE JOHNSON PERRY, INCOMPETENT AND HILDA P. PEARCE AND HUSBAND, MARSHALL E. PEARCE, PURCHASERS.

(Filed 1 May 1963.)

**1. Judicial Sales § 5—**

Confirmation constitutes the last and highest bidder at a judicial sale the equitable owner of the land, and he must be given notice and an

opportunity to be heard upon a motion to set aside the sale, and his equitable title may be defeated only for fraud, mistake, collusion, or vitiating defect appearing on the face of the record.

**2. Insane Persons § 4—**

G.S. 35-15 authorizes a court of equity to order that the property of an incompetent be sold, as well as mortgaged, for the support and maintenance of the incompetent.

**3. Husband and Wife § 17—**

While a tenancy by the entireties may be terminated by a voluntary sale on the part of both husband and wife, when one of them has been adjudged incompetent a sale cannot be the voluntary act of both and therefore when the court orders a sale in such instance the right of survivorship is transferred to the proceeds of the sale.

**4. Pleadings § 29—**

Where the original answer denies the existence of a material fact but the amended answer admits such fact, the fact is no longer at issue.

**5. Judgments § 2; Judicial Sales § 4—**

The resident judge of the district is a proper officer to confirm a judicial sale, and he may do so out of the district with the consent of the parties.

**6. Judicial Sales § 4—**

Where the petitioner obtains an offer for the private purchase of lands at a judicial sale and asks the court to authorize and approve such sale, he may not thereafter complain that the order of confirmation was entered without a finding by the court that the sale was fair and just.

**7. Husband and Wife § 2—**

The husband is under legal duty to support his wife.

**8. Husband and Wife §§ 15, 17; Insane Persons § 4—**

Where the wife has been adjudged incompetent and the court orders a sale of lands held by the entireties, the husband is entitled to hold the proceeds of the sale and is entitled to the income therefrom subject to his duty to support his wife, but he holds the *corpus* as trustee for the survivor and may not invade the *corpus* except to the extent his income from all sources is insufficient for his wife's and his own needs, and the court is without discretionary authority to dissolve the rights of survivorship in the funds.

**9. Appeal and Error § 2; Insane Persons § 3—**

A person who has been adjudged incompetent becomes a ward of the court and the Supreme Court will *ex mero motu* protect such incompetent's rights in the subject matter of the litigation.

PARKER, J. concurring.

RODMAN, J., concurring in part.

BOBBITT, J., dissenting in part.

SHARP, J., joins in dissent.

APPEAL from *Hobgood, J.,* November 13, 1962, FRANKLIN Superior Court.

On August 7, 1962, H. K. Perry, petitioner, instituted this special proceeding before the Clerk Superior Court against W. M. Jolly, Guardian of petitioner's wife, Florence Johnson Perry. The purpose of the proceeding was to have the court authorize the private sale of a specifically described tract of land containing 120.5 acres in Franklin County. The petition alleged:

"1. That Florence Johnson Perry is the wife of the petitioner, and is of the age of (77) years, and has heretofore been adjudged by this Court to be incompetent from want of understanding to manage her affairs by reason of mental and physical weakness on account of disease, and that W. M. Jolly has heretofore been appointed by this Court and is now acting as the general guardian of said incompetent.

"2. That the petitioner herein, H. K. Perry, and his wife, Florence Johnson Perry, are the owners as tenants by the entirety of the following described land lying and being in Dunn Township, Franklin County, North Carolina, the same having been conveyed to them by deed dated January 22, 1935, and recorded in Book 320 at page 590, Franklin County Registry, the same being more particularly described as follows: (description omitted)

"3. That the petitioner is now of the age of (75) years, and by reason of his advanced years is physically infirm and unable to do any manual labor, but is otherwise healthy and mentally alert, and can anticipate many years of life; that said Florence Johnson Perry, wife of the petitioner, is in very poor physical and mental health, she having only recently required hospital care and treatment and now needs constant care and attention, which petitioner himself is unable to render personally, and the expense of her maintenance and care, and living expenses of the petitioner are such that the income from the rental of the crops on the lands of the petitioner and his wife is not sufficient to pay all such expenses, together with the upkeep of the croplands and the maintenance of the buildings, and the taxes assessed upon the land; that the land of the petitioner and his wife is deteriorating and the buildings thereon are in need of repairs and modernization; that farm land is now generally selling at high prices;

that the petitioner verily believes and therefore avers that it is for the best interests of both himself and the estate of his wife for said lands to be sold in order that the petitioner may be able to provide more adequately for the maintenance and support of himself and his wife. That the petitioner has been offered the sum of $45,000.00 for said land, and the petitioner believes that the said sum is the full, fair and adequate value of said land, and that it would be for the best interest of the petitioner and his wife for said lands to be sold as aforesaid, and the proceeds of the sale used for the support and maintenance of the petitioner and his wife."

The guardian answered (date not given) denying paragraph three of the petition and further alleging the described land was worth $60,000.00, and that the income from the land and from other sources rendered unnecessary the proposed sale. However, the guardian, by leave of the court, filed an amended answer which, admitting other essential facts, contained the following:

"2. That Mrs. Hilda P. Pearce, a daughter of plaintiff and defendant's ward, and her husband, Marshall E. Pearce, have offered the sum of $45,000.00 for said land, subject to the life estate of the plaintiff and defendant's ward in and to the main dwelling house, which this defendant, after further information and belief and in view of the condition of the farm buildings thereon, considers to be a fair and adequate value for said land, and further believes that it would be for the best interest of this defendant's ward for said lands to be sold for the aforesaid price at private sale; that the net proceeds of said sale be divided equally, that is one-half to plaintiff and one-half to this defendant as Guardian of Florence Johnson Perry, to the end that the one-half paid to this defendant shall be used for the support and maintenance of this defendant's ward as by law provided."

Three disinterested freeholders filed a joint affidavit stating the proposed private sale at $45,000.00, subject to the life estate in the residence and two acres surrounding it was a "full and fair value of said lands." The clerk entered the following order:

"This cause coming on to be heard, and being heard before Honorable John W. King, Clerk of Superior Court of Franklin County, North Carolina, upon the verified petition, answer and amended answer, affidavit of three disinterested freeholders, and

other satisfactory proof, and it appearing to the Court and being found as facts as follows:

"1.   That the facts set forth in the petition and amended answer herein are true; and that it will be to the best interest of defendant's ward, Florence Johnson Perry, incompetent, for the land described in the petition to be sold at private sale to Mrs. Hilda P. Pearce and husband, Marshall E. Pearce, for the sum of $45,000.00 cash, reserving a life estate unto H. K. Perry and wife, Florence Johnson Perry, and the survivor of them, in and to the main dwelling and two acres surrounding the same for yard, with one-half of the said proceeds of said sale to be paid to the petitioner H. K. Perry and one-half of the net proceeds of said sale to be paid to W. M. Jolly, Guardian of Florence Johnson Perry, incompetent, to be used by said guardian for the support and maintenance of his said ward in a manner provided by law.

"2.   That W. M. Jolly, Guardian of Florence Johnson Perry, has no funds or property in his hands belonging to his ward, who has been committed to the Dorothea Dix State Hospital in Raleigh, and it is necessary that funds be made available to said guardian for the payment of the support and maintenance of said Florence Johnson Perry, and that it is most advantageous to said ward and her interest will be materially promoted by a sale of the said lands at the price of $45,000.00 cash as aforesaid.

"NOW, THEREFORE, it is ordered, adjudged and decreed that Hill Yarborough and E. F. Yarborough be, and they are hereby appointed commissioners to make a private sale to Mrs. Hilda P. Pearce and husband, Marshall E. Pearce, of the lands described in the petition, subject to the reservation of life estates in the main dwelling house situate thereon and 2 acres of land surrounding same unto said H. K. Perry and wife Florence Johnson Perry, and the survivor of them, for the price of $45,000.00 cash, and that said commissioners shall report their sale to this court for confirmation and further proceedings as provided by law.

"It is further ordered that out of the proceeds derived from said sale said commissioners shall pay the costs and expenses of said sale and this proceeding, and one-half of the net proceeds of said sale shall be paid to W. M. Jolly, Guardian of Florence Johnson Perry, incompetent, and one-half of said net proceeds shall be paid to the said petitioner or such person as designated by him."

The Commissioners reported the private sale as follows:

"TO HONORABLE JOHN W. KING, CLERK OF SUPERIOR COURT OF FRANKLIN COUNTY, NORTH CAROLINA:

"The undersigned, Hill Yarborough and E. F. Yarborough, Commissioners appointed with herein to sell at private sale the lands described in the petition, hereby report to the court that, pursuant to said Order, they have agreed, subject to the confirmation of the court and to the provision of law regarding an increased or upset bid, to sell to Hilda P. Pearce and husband Marshall E. Pearce at the price of $45,000.00 cash, the lands described in the petition herein, and containing 120.5 acres, more or less, subject to the reservation of life estates in the main dwelling house situate thereon and 2 acres of land surrounding same unto said H. K. Perry and wife Florence Johnson Perry, and further subject to the rental contract for the year 1963.

"That your Commissioners verily believe, and so aver, that said price is full, fair and adequate, and is as much as, if not more than, they could reasonably expect to obtain for said land by a sale at public auction, and that said sale would be for the best interest of all parties concerned.

"WHEREFORE, your commissioners respectfully recommend to the Court that the matter be allowed to remain open for 10 days as by law provided, and that if no advance or upset bid is filed with the Court, that the sale hereby reported be confirmed.

"This the 9th day of October, 1962."

The Clerk entered the following confirmatory decree:

"This cause coming on to be heard, and being heard upon the Report of Sale filed herein on 9 October 1962 by Hill Yarborough and E. F. Yarborough, Commissioners, and it appearing to the Court and being found as facts:

"1. That the aforesaid Commissioners reported to this Court on 9 October 1962 a sale of the lands described in the Petition to Hilda P. Pearce and husband, Marshall E. Pearce, for the price of Forty-five Thousand and no/100 Dollars ($45,000.00), cash, subject to the reservation of life estates in the main dwelling house situate thereon and two (2) acres of land surrounding same unto said H. K. Perry and wife, Florence Johnson Perry, and further subject to the rental contract for the year 1963.

"2. That Florence Johnson Perry is the wife of H. K. Perry, the petitioner, and that said Florence Johnson Perry is mentally incompetent, and it is necessary and desirable that said lands be

sold in order to provide funds for the support and maintenance of said Florence Johnson Perry.

"3. That it appears to the satisfaction of the undersigned Clerk of Superior Court of Franklin County that the aforesaid sale is necessary and to the best advantage of said Florence Johnson Perry, and is not prejudicial to her interest.

"4. That the aforesaid Report of Sale filed by the Commissioners herein has remained on file in this office for more than ten (10) days and no advanced bid has been filed and no objection made to said sale; and the affidavit of three disinterested freeholders has been filed by said Commissioners that said price is fair and adequate and the full and fair value of said lands.

"NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the aforesaid sale be, and the same is hereby approved and confirmed, and Hill Yarborough and E. F. Yarborough, Commissioners, are authorized and directed to execute and deliver to the purchasers a deed for said lands, subject to the reservation of the above mentioned life estates and to the rental contract for the year 1963, upon the recipt by said Commissioners of said purchase price in full.

"Out of aforesaid purchase price of $45,000.00, the Commissioners shall first pay the costs and expenses of this proceeding the same to include an allowance to said Commissioners of five (5) per cent of said purchase price, and out of the remaining funds in their hands, shall pay one-half of same to the petitioner, H. K. Perry, and one-half of same to W. M. Jolly, General Guardian of Florence Johnson Perry, incompetent.

"This 22nd day of October, 1962."

Judge Hobgood, Resident Judge of the Ninth Judicial District, entered an order confirming the private sale in all respects. The order was actually signed in Alamance County, but upon the written consent and approval of counsel of record for both parties. Subsequently the petitioner, by W. H. Perry, attorney in fact, gave notice of appeal, upon grounds discussed in the opinion.

The Sheriff served the notice of appeal upon the Commissioners and Mr. Jolly, guardian. This notice was not served on either Mr. or Mrs. Pearce, the purchasers. Judge Hobgood entered the following order:

"This cause coming on to be heard, and being heard upon the motion of H. K. Perry, plaintiff, that the confirmatory decree entered in this cause on 22 October 1962 be set aside; and it

appearing to the Court and the Court finding that the parties have agreed that the said confirmatory decree be set aside and that the lands involved in this proceeding be sold at public auction to the highest bidder for cash; and proceeds divided equally.

"NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED by the Court, in its discretion, that the said confirmatory decree entered in this proceeding on 22 October 1962 be, and the same is hereby set aside; and this proceeding is hereby remanded to the Clerk of the Superior Court for further proceedings to the end the lands involved in this proceeding be sold at public auction to the highest bidder for cash, and the proceeds be divided equally between petitioner and said guardian, and that Hill Yarborough be paid such compensation as the Court may hereafter determine for services as attorney and Commissioner which amount shall be charged in the bill of costs herein.

"This 3 November, 1962. /s/ HAMILTON H. HOBGOOD, Judge of Superior Court.

"WE CONSENT:

/s/   W. H. Perry, Attorney in Fact for H. K. Perry

/s/   W. M. Jolly, Guardian of Florence Johnson Perry

/s/   Hill Yarborough, Commissioner

/s/   E. F. Yarborough, Commissioner

/s/   John F. Matthews, Attorney for H. K. Perry."

Five days after Judge Hobgood signed the consent judgment of November 3, 1962, Mr. and Mrs. Pearce excepted and appealed to the Supreme Court.

*John F. Matthews for plaintiff appellee.*
*Gaither M. Beam for purchasers, appellants.*

HIGGINS, J.   This proceeding seems to have changed direction twice as it meandered through the Superior Court. In order that the true course may be more easily followed, we have included in the statement of facts the full text of certain pertinent documents which show the guardian first objected to the proposed sale, both for lack of need and for inadequacy of price. However, with court approval, the guardian substituted an amended answer, omitting the objection and admitting the need. He recommended a private sale to Hilda P. Pearce and husband, Marshall E. Pearce, at $45,000.00, however, retaining for Mr. and Mrs. Perry a life estate in the house and a lot.

The clerk ordered the private sale to Hilda P. Pearce and husband, appointed commissioners to make it, and directed them to make report for the court's further order. The commissioners complied with the order by making the sale as directed, and recommended that it be confirmed in the absence of an advance bid within ten days. Thirteen days after the sale and report thereof the clerk entered an order of confirmation, directed the commissioners to execute and to deliver deed to the purchasers. Judge Hobgood, on that same day, approved, confirmed, and ratified the sale. Judge Hobgood signed the approval order in Alamance County by written consent of the attorneys of record for both the petitioner and the guardian.

Two days after the entry and approval of the confirmatory decree, W. H. Perry, attorney in fact for the petitioner, gave notice that he appealed for these errors: (1) The power of the court is limited to the execution of mortgages, etc., by G.S. 35-15. (2) The sale destroyed the tenancy by the entireties. (3) Paragraph three of the original answer raised issues of fact not determined by the court. (4) Judge Hobgood approved the confirmatory decree outside Franklin County. (5) The court failed to find that $45,000.00 was a fair price for the lands.

Judge Hobgood entered an order finding "that the parties have agreed that the said confirmatory decree be set aside and that the land involved be sold at public auction to the highest bidder." The order vacating the confirmation was based solely upon the consent of W. H. Perry, the attorney in fact for the petitioner, the guardian, and the two commissioners. Mr. and Mrs. Pearce were not parties to the agreement to set the sale aside.

By virtue of the sale, the Pearces had become the equitable owners of the land. This Court said in *Page v. Miller*, 252 N.C. 23, 113 S.E. 2d 52: "After confirmation, the power of the court is much more restricted. The purchaser is then regarded as the equitable owner, and the sale . . . can only be set aside for 'mistake, fraud, or collusion' established on petitions regularly filed in the cause," citing *Upchurch v. Upchurch*, 173 N.C. 88, 91 S.E. 702; *Beaufort County v. Bishop*, 216 N.C. 211, 4 S.E. 2d 525; *Joyner v. Futrell*, 136 N.C. 301, 48 S.E. 649; *McLaurin v. McLaurin*, 106 N.C. 331, 10 S.E. 1056; *Evans v. Singletary*, 63 N.C. 205. " . . . (A)ll motions . . . other than those grantable as a matter of course . . . must be on notice." *Collins v. Highway Commission*, 237 N.C. 277, 74 S.E. 2d 709; *Boone v. Sparrow*, 235 N.C. 396, 70 S.E. 2d 204. The court was powerless to take away the vested interest of Mr. and Mrs. Pearce without notice and opportunity to be heard. G.S. 1-581; *Collins v. Highway Commission, supra; In Re*

*Woodell,* 253 N.C. 420, 117 S.E. 2d 4. The sale may be set aside only after proper notice and for valid reasons. *Page v. Miller, supra.*

The five assigned grounds upon which the petitioner seeks to set aside the private sale are not in and of themselves sufficient in law to invalidate the sale. (1) G.S. 35-15 does not limit the court's power to authorize a mortgage. The court may authorize a sale. (2) The sale does not destroy or separate the interests of the tenants by entireties if one of the parties is incompetent. The right of survivorship is transferred to the fund. A divorce will convert tenancy by entireties into a tenancy in common. A *voluntary* sale will work a conversion of the land into personalty to be held as other personalty. *Wilson v.* *Ervin,* 227 N.C. 396, 42 S.E. 2d 468. However to be voluntary, the sale must be made by both husband and wife. Both must be *sui juris.* If one is incompetent, a sale cannot be the voluntary act of both. When the court finds it necessary for the good of the parties to require a sale, it is necessary that a good title pass to the purchaser. However, the right of survivorship is transferred to the fund to be held in the manner hereinafter discussed. (3) Paragraph (3) of the original answer was omitted from the amended answer, thus eliminating the third objection. (4) The Judge of the Ninth Judicial District was a proper officer to approve the confirmation. He could do so outside the district by consent. Counsel of record for both parties presented the order and consented to it in writing. *Dellinger v. Clark,* 234 N.C. 419, 67 S.E. 2d 448; *Jeffreys v. Jeffreys,* 213 N.C. 531, 197 S.E. 8; *Pate v. Pate,* 201 N.C. 402, 160 S.E. 450. (5) The court found the sale for $45,000.00 was for the best interest of the ward. The petitioner had obtained an offer for the private purchase for $45,000.00 which he had asked the court to authorize and to approve. He is not in a position to complain.

Ordinarily discussion respecting the disposition of the purchase price received for the property would not be required. However, in this instance one of the interested parties is incompetent. She is under guardianship — a ward of the court. That part of the court's order with respect to the division of the fund does not seem to be authorized. Having held the involuntary sale of the lands does not destroy the tenancy by the entireties, but merely transfers the rights of the tenants from the land to the fund, we call the Superior Court's attention to these legal principles: The husband is under the legal duty to support his wife. *Ritchie v. White,* 225 N.C. 450, 35 S.E. 2d 414. During marriage he is entitled to control and to receive the rents and profits from property held by entireties. *In Re Estate of Perry,* 256 N.C. 65, 123 S.E. 2d 99; *Nesbitt v. Fairview Farms,* 239 N.C. 481,

80 S.E. 2d 472. The law applicable to the fund in this instance, therefore, gives the husband the right to control. The income from it is his, but he must support himself and his wife. He may not invade the corpus of the fund except to the extent his income from all sources is insufficient for his wife's and his own needs. Otherwise he holds the corpus of the fund as trustee for the survivor unless the wife be restored to competency, in which event the parties, acting together, may make a legal disposition. The discretion given the court by G.S. 35-17 is limited to the protection of the incompetent's interests. The power to dissolve the rights of survivorship incident to the entireties estate is not within the court's discretion. The wisdom of an estate by entireties may be debatable. Nevertheless the principle is firmly inbedded in our decisions, and a wife's right to take all if she survives was vested in her by the original conveyance. *Woolard v. Smith,* 244 N.C. 489, 94 S.E. 2d 466.

The order entered on November 3, 1962, is vacated. Unless the sale is set aside for mistake, fraud, or collusion, the purchasers, Hilda P. Pearce and husband Marshall E. Pearce, upon the payment of the purchase price, are entitled to a deed from the commissioners. The Superior Court still holds the fund. Disposition of it will be in accordance with applicable law.

Error and remanded.

PARKER, J., concurring in the majority opinion. The court below made an erroneous adjudication in respect to the vitally important question of the distribution of the proceeds of the sale of the estate by the entirety, as clearly set forth in the majority opinion. To remand this special proceeding to the superior court without deciding that question would probably result in a similar erroneous adjudication which would necessitate another appeal to this Court, the cost and expenses of which would impair the corpus of the estate by the entirety. Florence Johnson Perry is an incompetent person, and as such it is unquestionable that she is a ward of the superior court of Franklin County which has full equitable powers and jurisdiction of her person. It is the special duty of this court having such jurisdiction to conserve her estate by the entirety. 44 C.J.S., Insane Persons, secs. 57 and 79. What was said in *Latta v. Trustees of the General Assembly of the Presbyterian Church,* 213 N.C. 462, 196 S.E. 862, in respect to infants is equally applicable in respect to incompetents like Florence Johnson Perry:

"In all suits or legal proceedings of whatever nature, in which the personal or property rights of a minor are involved, the protective powers of a court of chancery may be invoked whenever it becomes necessary to fully protect such rights. When necessary the courts will go so far as to take notice *ex mero motu* that the rights of infants are endangered and will take such action as will properly protect them."

"Normally questions not determinative of the appeal are not decided," but in this instance I feel that the majority opinion is not only justified in stating the law applicable to the fund in this case, which is a pure question of law, but that this court should do so to discharge its duty to a ward of the court in order to conserve the estate by the entirety for the benefit of the incompetent. I find precedent for my opinion in *De Bruhl v. Highway Commission*, 245 N.C. 139, 95 S.E. 2d 553; *In re Davis*, 248 N.C. 423, 103 S.E. 2d 503.

BOBBITT, J., dissenting in part. I agree that, for the reasons stated in the majority opinion, the order of November 3, 1962, should be vacated.

I do not agree that the proceeds from a sale of real estate authorized and consummated in accordance with G.S. Chapter 35, Article 4, are to be treated as real estate owned by husband and wife as an estate by entirety. These statutory provisions apply when the husband or the wife or both are mentally incompetent. In my view, the legal effect of such authorized and consummated sale is the same as if both husband and wife were competent and had made a voluntary sale and conveyance, that is, one-half of the proceeds becomes the separate property of each spouse. Under this view: (1) If the husband is the incompetent, the wife becomes the absolute owner of one-half and the husband's one-half is immediately available for the support of the incompetent husband and of his wife. (2) If the wife is the incompetent, she becomes the absolute owner of one-half and the husband's one-half is primarily liable for her support. (3) If both husband and wife are incompetent, the incompetent wife becomes the absolute owner of one-half and the husband's one-half is primarily liable for her support.

SHARP, J., joins in this dissenting opinion.

RODMAN, J., concurring in part: High bidders at a judicial sale whose bid had been accepted by decree of confirmation are deprived of

vested rights by an order entered without notice to them and without an opportunity to be heard. They appeal from the order setting aside the decree of confirmation. That appeal presents the single question: Were appellants entitled to notice and an opportunity to be heard? *Justice Higgins,* speaking for the majority, answers in the affirmative. With this conclusion I am in complete agreement for the reasons so clearly stated by him.

Questions relating to the distribution of the proceeds of sale are not germane to the question presented by appellants. I think it unwise to express opinions on questions not raised by the appeal. It may be noted the parties who challenged the decree of confirmation have consented to the order of 3 November which orders a division of the proceeds of sale between the husband and wife. If in fact such division is for the best interest of the incompetent, no reason now occurs to me why the court should be deprived of the power to make such order.