IN THE MATTER OF MARY G. GREEN, INCOMPETENT

No. 757SC477

(Filed 19 November 1975)

1. **Judicial Sales § 6— rights of purchaser after confirmation**
      After confirmation of a judicial sale, the purchaser becomes the equitable owner of the property, and the sale may then be set aside only for mistake, fraud or collusion.

2. **Judicial Sales § 7— confirmation by clerk and judge — upset bid — authority to order resale**

After the time provided by G.S. 1-339.25 for the placing of an upset bid had expired and after the order of confirmation had been signed by the clerk and approved by a superior court judge, the clerk had no authority to accept an upset bid, and in the absence of findings of fraud, mistake or collusion, a superior court judge had no authority to set aside the order of confirmation and to order a resale of the property.

APPEAL by Larry Dew and A. W. Strickland from *Webb, Judge*. Judgment entered 9 May 1975 in Superior Court, NASH County, Heard in the Court of Appeals 23 September 1975.

The following facts are not controverted: On 24 January 1975 Rosa Battle Woodley, general guardian of Mary Green, filed in the office of the Clerk of Superior Court of Nash County a petition to sell certain lands of the ward to create assets.

At the initial sale on 26 February 1975, Larry Dew and A. W. Strickland (Dew and Strickland) were the highest bidders at $15,000.00. Within the ten days allowed by statute, Roger Allen made an upset bid totalling $15,800.00; and pursuant to an order of resale, the property was sold again on 28 March 1975, when Dew and Strickland became the last and highest bidders at $31,000.00. This sale was reported to the Clerk on 28 March 1975. On 17 April 1975, there having been no upset bid filed since the report of 28 March, the Clerk of Superior Court signed an order confirming the sale to Dew and Strickland for $31,000.00; and on that same day Superior Court Judge Webb signed the order approving this sale.

On 21 April 1975, appellee Jackson tendered to the Clerk of Superior Court a purported upset bid in the amount of $32,600.00, which bid was accepted by the Clerk. Later in the day on 21 April, the commissioner presented the order of confirmation signed by the Clerk and approved by Judge Webb on 17 April to the Clerk for filing. The Clerk refused to file the order of confirmation.

On 23 April 1975 the commissioner filed a petition "requesting instructions from the Superior Court." On 9 May 1975 Superior Court Judge Webb, after reciting the facts as set out above, entered an order that the Clerk of Superior Court "order an advertisement for the resale of the property at an opening bid by Julian Jackson of $32,600.00." Dew and Strickland appealed.

In re Green

*Fields, Cooper & Henderson by Leon Henderson, Jr., for Dew and Strickland, appellants.*

*Howard A. Knox, Jr,. and Robert D. Kornegay, Jr., for Julian H. Jackson, appellee.*

HEDRICK, Judge.

In the order appealed from, Judge Webb concluded "as a matter of law that any right of A. W. Strickland and Larry Dew had not been vested in the property at the time the upset bid was filed to the extent that the Court could not accept an upset bid."

Appellants argue that the quoted conclusion is erroneous simply because their interest in the land vested when the Clerk signed the order confirming the sale on 17 April, pursuant to G.S. 1-339.28, and the resident Superior Court Judge approved the sale and order of confirmation that same day pursuant to G.S. 1-339.14. Appellee, on the other hand, argues that the order of confirmation and approval on 17 April was not sufficiently final to vest in appellants the equitable title to the property, since the order had not been filed in the office of the Clerk of Superior Court at the time his bid was tendered and accepted by the Clerk. He contends that the filing of the order of confirmation in the office of the Clerk of Superior Court is a "necessary procedural detail" which the judge or clerk has authority to fix pursuant to G.S. 1-339.3 (c), which is as follows:

> "The judge or clerk of court having jurisdiction has authority to fix and determine all necessary procedural details with respect to sales in all instances in which this Article fails to make definite provisions as to such procedure."

[1] It has long been the rule in North Carolina that after confirmation of a judicial sale, the purchaser becomes the equitable owner of the property, and the sale then may be set aside only for "mistake, fraud, or collusion." *Becker County Sand and Gravel Co. v. Taylor,* 269 N.C. 617, 153 S.E. 2d 19 (1967) ; *Perry v. Jolly,* 259 N.C. 305, 130 S.E. 2d 654 (1963) ; *Upchurch v. Upchurch,* 173 N.C. 88, 91 S.E. 702 (1917). Before confirmation, the prospective purchaser has no vested interest in the property. His bid is but an offer subject to the approval of the court. *Page v. Miller,* 252 N.C. 23, 113 S.E. 2d 52 (1960). The court in exercising its sound discretion may reject the bid at

any time before confirmation. *Harrell v. Blythe,* 140 N.C. 415, 53 S.E. 232 (1906). But, upon confirmation the sale becomes final *(McLaurin v. McLaurin,* 106 N.C. 331, 10 S.E. 1056 (1890) ; *Smith v. Gray,* 116 N.C. 311, 21 S.E. 200 (1895)) and the vested interest of the purchaser is not lightly to be put aside, *Page v. Miller, supra.*

[2] Under the circumstances here presented, the Clerk was not authorized under G.S. 1-339.3 (c) or any other statute to refuse to file and maintain in her records a valid order of confirmation. After the time provided by G.S. 1-339.25 for the placing of upset bids had expired and after the order of confirmation had been signed by the Clerk and approved by the Judge, the Clerk had no authority to accept an upset bid. In the absence of allegations, proof or findings of fraud, mistake, or collusion, Judge Webb had no authority to set aside the order of confirmation dated 17 April 1975, which was regular on its face.

For the reasons stated, the order appealed from is vacated and the cause is remanded to the Superior Court for the entry of an order directing the Clerk to accept for filing the order of confirmation dated 17 April and to refund the deposit accepted by her on the proposed upset bid of Jackson.

Vacated and remanded.

Judges MORRIS and ARNOLD concur.