MRS. ALICE McMILLAN BROWN v. ATTORNEY GORDON A. MILLER, AND ATTORNEY JAMES A. BEATY, JR.

No. 8221DC991

(Filed 6 September 1983)

**1. Partition § 10.1 — collateral attack on partition sale**

Plaintiff's complaint in an action to set aside a commissioners' deed resulting from a judicial partition sale on the ground of fraud by the commis-

sioners was properly dismissed for failure to state a claim for relief since (1) plaintiff's proper remedy was by appeal pursuant to G.S. 1-272 or by motion in the cause before the clerk who had exclusive jurisdiction over the subject matter, and plaintiff's independent action constitutes an impermissible collateral attack on a judicial sale; (2) plaintiff has no right to bring an action to impeach the clerk's confirmation of the sale under the second part of G.S. 46-19 because the statute permits only a motion in the cause, plaintiff failed to set forth any facts showing that the purchaser at the sale was not an innocent purchaser for value, and the statute does not apply to partition sales; and (3) plaintiff cannot maintain the action because of her failure to join the purchaser, a necessary party under G.S. 1A-1, Rule 19. G.S. 1-339.28(a).

**2. Limitation of Actions § 8.1 — claim based on fraud — statute of limitations**

Plaintiff's claim that she is entitled on the basis of fraud to the return of deposits she made on two occasions as highest bidder at a judicial partition sale was barred by the three-year statute of limitations of G.S. 1-52(9).

APPEAL by plaintiff from *Tash, Judge.* Order entered 27 May 1982 in District Court, FORSYTH County. Heard in the Court of Appeals 23 August 1983.

*William T. Graham for plaintiff appellant.*

*Gordon A. Miller, defendant appellee, pro se.*

*Billy D. Friende, Jr., for defendant appellee, James A. Beaty, Jr.*

BRASWELL, Judge.

The plaintiff seeks to have a commissioner's public sale set aside and the commissioner's deed given from the sale declared null and void. The defendants are the co-commissioners who conducted the sale and conveyed the property in question. The property was owned by the plaintiff and her former husband who sought the partition as a result of their divorce. The plaintiff seeks relief on the basis of fraud and other irregularities in the sale allegedly committed by the defendants. The trial judge, upon the defendants' motions dismissed the action for failure to state a claim upon which relief can be granted. G.S. 1A-1, Rule 12(b). The basic issue on appeal is whether the motions to dismiss were properly granted.

Essentially, from the complaint as amended, the facts are as follows. On 28 April 1978, the property of the plaintiff and her former husband was sold at public auction by an Order of Sale

issued by the Clerk of Superior Court. The highest bidder at this sale was the plaintiff who bid $15,025.00 and paid a deposit of $751.25 on the property as directed by the defendants. A report of this sale was filed by the defendants with the Clerk on 9 May 1978.

An upset bid was filed by the plaintiff's former spouse, Robert Lindsay Brown, on 11 May 1978. The property was resold on 21 June 1978 and the plaintiff again became the highest bidder, depositing $273.75 with the defendants.

On 5 July 1978, the plaintiff offered to pay directly to Robert Lindsay Brown his one-half share of her bid. This offer was rejected by Brown and his attorney who insisted that the plaintiff pay the full amount of her bid. When the plaintiff refused, she was determined to be in default, and the property was again sold on 10 November 1978. Walter Jack Davis became the highest bidder for $26,000.00.

Upon expiration of the upset bid period and upon the request by the defendants, the sale was confirmed by the assistant clerk of court on 12 December 1978. A commissioner's deed to Davis was recorded on 19 December 1978. The plaintiff filed this action on 19 April 1982.

To determine whether the trial court properly granted the Rule 12(b)(6) motion, the accepted rule provides that " 'a complaint should not be dismissed for insufficiency *unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.'* " *Sutton v. Duke,* 277 N.C. 94, 103, 176 S.E. 2d 161, 166 (1970), quoting 2A J. Moore Federal Practice ¶ 12.08 (2d ed. 1968). Therefore, if the complaint discloses an unconditional affirmative defense which defeats the claim asserted, it will be dismissed. *Id.* at 102, 176 S.E. 2d at 166. We hold the trial judge was correct in granting the motion because affirmative defenses on the face of the complaint prevent the plaintiff from stating a claim upon which relief may be granted.

[1]   First of all, the plaintiff in bringing an independent action in district court is attempting to avoid the judicial sale by collateral attack. On the face of the complaint, the plaintiff indicates that the nature of this case is a partition sale. G.S. 46-28 states that

Brown v. Miller

partition sales are to be governed by Chapter 1, Article 29A which sets out the procedure for judicial sales. The method of attacking the sale by the plaintiff should then be direct, either by motion in the cause or by appeal pursuant to G.S. 1-272. In *Baggett v. Lanier*, 178 N.C. 129, 131, 100 S.E. 254, 255 (1919), the court stated that "[i]f the proceeding was irregular, the proper remedy is not by attacking it collaterally but by a motion in the original cause to have the same set aside."

G.S. 1-339.28(a) provides in part that "No public sale of real property may be consummated until confirmed as follows: . . . (3) If a public sale is ordered by a clerk of court, it may thereafter be confirmed by clerk of court so ordering." This provision gives the clerk of superior court original jurisdiction over sales ordered by the clerk. Because plaintiff's claim is based on fraud committed in a special proceeding, the plaintiff was required to make a motion in the cause to the clerk who had exclusive jurisdiction over the subject matter.

The plaintiff also had an avenue of appeal from the clerk of which she did not avail herself pursuant to G.S. 1-272. This appeal must be taken within ten days after the clerk's judgment to entitle the plaintiff to a review in the superior court. *Questor Corp. v. DuBose*, 46 N.C. App. 612, 265 S.E. 2d 501 (1980). A judgment of confirmation of a judicial sale is a final judgment. *Menzel v. Menzel*, 254 N.C. 353, 119 S.E. 2d 147 (1961). So, the plaintiff in the present case could have appealed the sale within ten days after its confirmation on 12 December 1978. On the face of the complaint, it is clear that the plaintiff made no attempt to appeal the confirmation to the superior court, but waited until 19 April 1982, more than three years later, to bring an independent action contesting the sale of her property.

Secondly, the plaintiff in her amended complaint states she is entitled to impeach the clerk's confirmation of the sale of her property pursuant to G.S. 46-19. This point was abandoned in oral argument, but because it remains in the pleadings we must examine it. G.S. 46-19 essentially governs two situations. First of all, in partition proceedings where there is no mistake, fraud, or collusion alleged, a party has ten days from the filing of the commissioner's report to file an exception to the proposed partition. If no exception is filed, the report is confirmed. Clearly, the plaintiff,

by filing no exception within the statutory time, cannot claim that this part of G.S. 46-19 provides any method upon which relief might be granted. The second part of G.S. 46-19 covers situations where a party is claiming that mistake, fraud, or collusion has occurred. In this instance, a party even after confirmation may impeach the proceedings. The plaintiff asserts that this statute gives her the right to bring this action. Yet, G.S. 46-19 specifically requires that the party impeach the proceedings by a "petition in the cause" and only when no innocent purchaser for full value and without notice will be affected. The plaintiff has not attempted to impeach the confirmation through a petition in the cause, and even if the plaintiff had been procedurally correct, there are no facts set forth that indicate that the buyer at the final public sale, Walter Jack Davis, was not an innocent purchaser for value.

In addition, it is the opinion of this Court that G.S. 46-19 does not apply to partition sales. This statute is found within Chapter 46, Article 1 concerning the actual partition in kind of real property. Yet, the division of the property in this action was accomplished by a partition sale governed by the statutory requirements of a judicial sale. G.S. 46-28; G.S. 1-339.1, *et seq.* Art. 29A. There is no comparable statute to G.S. 46-19 within Article 29A of Chapter 1 of the General Statutes, but case law indicates that "[i]t has long been the rule in North Carolina that after confirmation of a judicial sale . . . the sale then may be set aside only for 'mistake, fraud or collusion.' " *In re Green,* 27 N.C. App. 555, 557, 219 S.E. 2d 552, 553 (1975).

Nevertheless, the plaintiff is still precluded from collaterally attacking the confirmation of the sale because of the intervention of an innocent purchaser for value at the final sale of the property. The complaint asks that the sale be declared void. However, after confirmation of a judicial sale, the purchaser becomes the equitable owner of the property. *Id.* Therefore, the sale, as it affects the bona fide purchaser, can only be set aside for mistake, fraud, or collusion established on petition regularly filed in the cause, or in accordance with Rule 60(b)(3) of the Rules of Civil Procedure. *See Page v. Miller,* 252 N.C. 23, 113 S.E. 2d 52 (1960). *See also Upchurch v. Upchurch,* 173 N.C. 88, 91 S.E. 702 (1917).

In any event, the plaintiff cannot maintain her present action due to her failure to join Walter Jack Davis, a necessary party

pursuant to G.S. 1A-1, Rule 19. The major relief sought by the plaintiff is to have the deed declared null and void. To do so, the court would have to have jurisdiction over the parties necessary to convey good title. Davis, as equitable owner, would naturally be such a party. "A 'necessary' party is one whose presence is required for a complete determination of the claim, [citation omitted] and is one whose interest is such that no decree can be rendered without affecting the party." *Begley v. Employment Security Comm.*, 50 N.C. App. 432, 438, 274 S.E. 2d 370, 375 (1981). Since the deed cannot be set aside without the presence of Davis, the trial court could not grant the relief plaintiff sought. The motion to dismiss was therefore properly granted. *See Booker v. Everhart*, 294 N.C. 146, 240 S.E. 2d 360 (1978).

[2] Finally, the other claims for relief in the amended complaint must also be dismissed. The plaintiff asserts that she is entitled to the return of the deposits she made as high bidder on the first two sales of the property in the amounts of $751.25 and $273.75, plus interest at the rate of 8% per annum from 20 April 1979. The plaintiff fails to state a claim upon which relief may be granted because both claims are barred by the applicable statute of limitations. From the face of the complaint, the thrust of the plaintiff's claim is one of fraud. G.S. 1-52(9) requires that in order to obtain relief on the ground of fraud or mistake, the action must be brought "within three years" of the discovery of the facts constituting the fraud or mistake. Although plaintiff asserts that this statute did not begin to run until 20 April 1979, the complaint indicates that she knew at the latest on 10 November 1978 that she was not the highest bidder in the final sale and that her previous deposits should be returned. Therefore, because she filed her action on 19 April 1982, more than three years from the discovery of the alleged fraud, the statute of limitations has run, barring the assertion of these claims.

Due to the unconditional, affirmative defenses present on the face of the complaint, we hold that the trial judge correctly allowed the defendants' motions to dismiss in that the plaintiff has stated no claim upon which relief may be granted.

Affirmed.

Judges ARNOLD and WEBB concur.