## IN RE ESTATE OF KESSINGER

[94 N.C. App. 191 (1989)]

IN THE MATTER OF: THE ESTATE OF FANNIE LEE KESSINGER, DECEASED

No. 881SC927

(Filed 6 June 1989)

**Judicial Sales § 3— private sale—upset bid after allotted time but before confirmation—upset bid not proper**

> The trial court did not err in confirming a private sale of estate property to a named person, and the court did not abuse its discretion in failing to consider an upset bid where neither the upset bidder's deposit with the estate attorney, nor the attorney's telephone notice to the clerk, amounted to an upset bid within the meaning of N.C.G.S. § 1-339.37 because it was not a timely deposit with the clerk.

APPEAL by Lilly Wyonnia (Doll) Gray, executrix of the estate of Fannie Lee Kessinger (deceased), from *Tillery, Judge.* Order entered 21 April 1988. Heard in the Court of Appeals 21 March 1989.

On 19 January 1988, pursuant to N.C.G.S. § 28A-15-1. and § 1-339.33, executrix filed a petition seeking the sale of estate assets, a strip of land adjacent to U.S. 158 Bypass in Nags Head, North Carolina. On the same day, the Clerk of Superior Court entered an order of private sale of the real property and immediately thereafter the executrix, pursuant to N.C.G.S. § 1-339.35 filed a report of private sale to Carolista C. Fletcher, the adjacent property owner, for the sum of $5,000.00. The report of private sale stated:

> 3. The closing date shall be January 19, 1988. As provided by N.C. General Statue [sic] 51-339.25 [sic], this sale shall not be final until the expiration of the time period for upset bids and a deed shall be recorded on the date of confirmation of this sale.

On 20 January 1988, Burton H. Jones deposited $5,500.00 with the estate attorney Leonard G. Logan, Jr. as an upset bid. Logan telephoned the Clerk of Superior Court to inform her of the upset bid. Neither Logan nor Jones deposited any monies with the Clerk of the Superior Court until 1 February 1988. It is undisputed that the final day for upset bids as provided by N.C.G.S. § 1-339.25 was 29 January 1988. Before 5:00 p.m. on 29 January 1988 Fletcher checked with the office of the Clerk of Superior Court and learned that no upset bid had been filed.

IN RE ESTATE OF KESSINGER

[94 N.C. App. 191 (1989)]

On 1 February 1988, executrix filed with the Clerk of Superior Court a petition for resale of real property at private sale reporting the upset bid of $5,500.00 attempted by Jones. The clerk issued an order for resale of real property at private sale on 1 February 1988, authorizing the resale to Jones subject to written notification to Fletcher, and, further finding that the sale should not be ordered confirmed until the expiration of ten days.

On 3 February 1988, Fletcher filed a motion with the clerk requesting that the Jones upset bid be set aside as not timely filed, and that the private sale to Fletcher be confirmed. As requested, the clerk of court entered an order rejecting the upset bid and confirming the private sale to Fletcher. This order was affirmed on 17 April 1988 by Superior Court Judge Tillery. From this order executrix appeals.

*Leonard G. Logan, Jr. for appellant.*

*Aycock, Spence & Graham, by W. Mark Spence, for appellee.*

ARNOLD, Judge.

Executrix contends that the superior court erred in confirming the private sale to Carolista Fletcher, and that it failed to properly exercise its discretion by not considering the Jones bid. We disagree.

By the terms of the "Report of Private Sale," the sale to Fletcher was not to be final "until the expiration of the time period for upset bids and a deed [is] recorded on the date of confirmation of this sale." The time period for upset bids expired on 29 January 1988. Essentially, executrix contends that although the period for upset bids had expired it was still in the clerk's, and ultimately the superior court's, discretion whether to enter the order of confirmation. N.C.G.S. § 1-339.25 provides:

(a) An upset bid is an advanced, increased or raised bid whereby a person offers to purchase real property theretofore sold, for an amount exceeding the reported sale price by ten percent (10%) . . . such increase being deposited in cash, or by certified check or cashier's check satisfactory to the said clerk, with the clerk of the superior court, with whom the report of the sale was filed, within ten days after the filing of such report; such deposit to be made with the clerk of superior court before the expiration of the tenth day, and . . . the timely deposit with the clerk of the required amount,

together with an indication to the clerk as to the sale to which it is applicable, is sufficient to constitute the upset bid . . . .

By definition, neither Jones's deposit with Logan, nor Logan's telephone notice to the clerk, amounted to an upset bid because it was not a "timely deposit with the clerk of the required amount, together with an indication to the clerk as to the sale to which it is applicable."

The statutory scheme further provides:

§ 1-339.37. Private sale; confirmation.

If no upset bid for property sold at private sale is submitted within ten days after the report of sale is filed, the sale may then be confirmed, and the provisions of G.S. 1-339.28(a) and (b) are applicable to such confirmation whether the property sold is real or personal. . . .

There had been no upset bid as defined by N.C.G.S. § 1-339.25, therefore the sale could be confirmed by the clerk of the superior court to be subsequently approved by "the resident judge of the district. . . ." N.C.G.S. § 1-339.28(a)(b). Thus, despite the fact that the judge's order merely affirmed the clerk's actions in conformance with the statutory scheme, and despite Fletcher's understandable reliance on the statutory scheme, executrix contends that the court failed in its discretion to consider the untimely attempt by Logan to assert an upset bid by Jones. Executrix correctly asserts the rule:

> Before confirmation, the prospective purchaser has no vested interest in the property. His bid is but an offer subject to the approval of the court. *Page v. Miller*, 252 N.C. 23, 113 S.E. 2d 52 (1960). The court in exercising its sound discretion may reject the bid at any time before confirmation. *Harrell v. Blythe*, 140 N.C. 415, 53 S.E. 232 (1906). But, upon confirmation the sale becomes final [citations omitted] and the vested interest of the purchaser is not lightly to be put aside.

*In re Green*, 27 N.C. App. 555, 557-58, 219 S.E. 2d 552, 553-554, (1975), *rev. denied, appeal dismissed*, 289 N.C. 140, 220 S.E. 2d 798 (1976). The issue in *Green* was whether the clerk was authorized to refuse to file a valid order of confirmation. Here we are asked to decide whether before confirmation, but after the upset bid period has expired, a clerk, and ultimately a superior court judge, have improperly exercised their discretion because they refused

to consider an untimely bid. Executrix argues that Judge Tillery should have heard evidence concerning the value of the property and potential value to the estate and the incompetent beneficiary.

The fact that Jones offered more money is not by itself enough to ignore the statutory scheme in this case. *See Coping v. Hillsboro Clay Manufacturing Co.*, 153 N.C. 329, 69 S.E. 250 (1910). Further, "[a] decree of confirmation entered by a court of competent jurisdiction may not be set aside as to the purchaser, when the proceedings are merely irregular except for mistake, fraud or collusion." *Wadsworth v. Wadsworth*, 260 N.C. 702, 708, 133 S.E. 2d 681, 686 (1963).

Judge Tillery found, and we agree, that there was "no mistake, fraud, undue influence, unfair advantage or other irregularities found as to any party to this proceeding." We find that confirmance of the sale to Fletcher was within the letter of the law, and the sound discretion of the clerk and the resident judge.

The order of the trial court is

Affirmed.

Judges GREENE and LEWIS concur.